Michael A. Garza (Texas Bar No. 24126797)
Matthew J. Pyeatt (Texas Bar No. 24086609)
Trevor G. Spears (Texas Bar No. 24106681)
**VINSON & ELKINS LLP**
2001 Ross Avenue, Suite 3900
Dallas, TX 75201
Tel: 214.220.7700
Fax: 214.999.7787
mgarza@velaw.com; mpyeatt@velaw.com;
tspears@velaw.com

David S. Meyer (*pro hac vice* pending)
George R. Howard (*pro hac vice* pending)
Lauren R. Kanzer (*pro hac vice* pending)
**VINSON & ELKINS LLP**
1114 Avenue of the Americas, 32nd Floor
New York, NY 10036
Tel: 212.237.0000
Fax: 212.237.0100
dmeyer@velaw.com; ghoward@velaw.com;
lkanzer@velaw.com

**PROPOSED ATTORNEYS FOR THE DEBTORS
AND DEBTORS IN POSSESSION**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Case No. 22-90000 (MXM)** |
| | § | |
| **ROCKALL ENERGY HOLDINGS, LLC,** | § | **(Chapter 11)** |
| *et al.*, | § | |
| | § | **(Joint Administration Requested)** |
| | § | **(Emergency Hearing Requested)** |
| **Debtors.**[1] | § | |

**NOTICE OF DESIGNATION AS
COMPLEX CHAPTER 11 BANKRUPTCY CASE**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

On the date hereof, the above-captioned debtors and debtors in possession (collectively, the "***Debtors***"), each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "***Chapter 11 Cases***"). The undersigned proposed counsel believes that these Chapter 11 Cases qualify as complex chapter 11 cases because:

---

[1] The Debtors in these chapter 11 cases and the last four digits of their respective federal tax identification numbers are: Arrow Rock Energy, LLC (7549), Petro Harvester Operating Company, LLC (2136), Rockall Agent Corp. (1653), Rockall Energy Holdings, LLC (5784), Rockall Energy, LLC (6340), Rockall EOR, LLC (4136), Rockall Exploration Company, LLC (0547), Rockall Intermediate, Inc. (9759), Rockall LA, LLC (4270), Rockall Laurel, LLC (1178), Rockall Midstream, LLC (0917), Rockall MS, LLC (0740), Rockall ND, LLC (9311), Rockall Pine Prairie, LLC (5799), White Marlin Investment Company, LLC (9987), and White Marlin Midstream, LLC (1466). The location of the Debtors' U.S. corporate headquarters and the Debtors' service address is: 5005 LBJ Freeway, Suite 700, Dallas, TX 75244.

| | |
|---|---|
| __X__ | The Debtors have total debt of more than $10 million; |
| __X__ | There are more than 50 parties in interest in these chapter 11 cases; |
| _____ | Claims against the Debtors are publicly traded; |
| _____ | Other: (Substantial explanation is required.). |

## **PRAYER**

The Debtors respectfully request that the court enter the Order, substantially in the form attached hereto as **Exhibit A**, and grant them such other and further relief to which the Debtors may be justly entitled.

Dated: March 9, 2022
Dallas, Texas

/s/ *Michael A. Garza*
**VINSON & ELKINS LLP**
Michael A. Garza (Texas Bar No. 24126797)
Matthew J. Pyeatt (Texas Bar No. 24086609)
Trevor G. Spears (Texas Bar No. 24106681)
2001 Ross Avenue, Suite 3900
Dallas, TX 75201
Tel: 214.220.7700
Fax: 214.999.7787
mgarza@velaw.com; mpyeatt@velaw.com;
tspears@velaw.com

- and -

David S. Meyer (*pro hac vice* pending)
George R. Howard (*pro hac vice* pending)
Lauren R. Kanzer (*pro hac vice* pending)
1114 Avenue of the Americas, 32nd Floor
New York, NY 10036
Tel: 212.237.0000
Fax: 212.237.0100
dmeyer@velaw.com; ghoward@velaw.com;
lkanzer@velaw.com

**PROPOSED ATTORNEYS FOR THE
DEBTORS AND DEBTORS IN POSSESSION**

## **CERTIFICATE OF SERVICE**

      I certify that on March 9, 2022, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Texas.

                                                */s/ Michael A. Garza*
                                                Michael A. Garza

# EXHIBIT A

**Proposed Order Granting Complex
Chapter 11 Bankruptcy Case Treatment**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Case No. 22-90000 (MXM)** |
| | § | |
| **ROCKALL ENERGY HOLDINGS, LLC,** | § | **(Chapter 11)** |
| *et al.*, | § | |
| | § | **(Joint Administration Requested)** |
| | § | |
| Debtors.¹ | § | Re: Docket No. ___ |

**ORDER GRANTING COMPLEX
CHAPTER 11 BANKRUPTCY CASE TREATMENT**

The above-captioned debtors and debtors in possession (collectively, the "***Debtors***") filed these chapter 11 cases on March 9, 2022 (the "***Petition Date***"). A *Notice of Designation as Complex Chapter 11 Case* was filed. After review of the initial pleadings filed in the chapter 11

---

[1] The Debtors in these chapter 11 cases and the last four digits of their respective federal tax identification numbers are: Arrow Rock Energy, LLC (7549), Petro Harvester Operating Company, LLC (2136), Rockall Agent Corp. (1653), Rockall Energy Holdings, LLC (5784), Rockall Energy, LLC (6340), Rockall EOR, LLC (4136), Rockall Exploration Company, LLC (0547), Rockall Intermediate, Inc. (9759), Rockall LA, LLC (4270), Rockall Laurel, LLC (1178), Rockall Midstream, LLC (0917), Rockall MS, LLC (0740), Rockall ND, LLC (9311), Rockall Pine Prairie, LLC (5799), White Marlin Investment Company, LLC (9987), and White Marlin Midstream, LLC (1466). The location of the Debtors' U.S. corporate headquarters and the Debtors' service address is: 5005 LBJ Freeway, Suite 700, Dallas, TX 75244.

cases, the Court concludes that the chapter 11 cases appear to be complex chapter 11 cases. Accordingly, unless the Court orders otherwise, IT IS HEREBY ORDERED:

1. <u>Service List</u>. The Debtors shall maintain a consolidated master service list (the "***Master Service List***") identifying the parties that must be served whenever a motion or other pleading requires notice. Unless otherwise required by title 11 of the United States Code (the "***Bankruptcy Code***") or the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***") notices of motions and other matters will be limited to the parties on the Master Service List.

   a. The Master Service List shall initially include (a) the Debtors, (b) the proposed counsel for the Debtors, (c) the Office of the United States Trustee for the Northern District of Texas; (d) the administrative agent under the Debtors' prepetition term loan agreement (and their counsel); (e) the agent under the Debtors' proposed debtor in possession financing credit agreement (and their counsel); (f) the counterparty under the Debtors hedging agreements (and their counsel); (g) the Debtors' 20 largest unsecured creditors (on a consolidated basis); (h) those persons who have formally appeared in these chapter 11 cases and requested service pursuant to Bankruptcy Rule 2002; (i) the Internal Revenue Service; (j) all other applicable government agencies to the extent required by the Bankruptcy Rules or the Bankruptcy Local Rules for the Northern District of Texas.

   b. Any party in interest that wishes to receive notice, other than as listed on the Master Service List, shall be added to the Master Service List by filing with the Court, and serving the Debtors and the Debtors' counsel with a notice of appearance and request for service.

   c. Parties on the Master Service List who have not otherwise consented to service by e-mail, through the act of becoming a registered e-filer in the Northern District of Texas, are encouraged to provide an e-mail address for service of process and to authorize service by e-mail. Consent to e-mail service may be included in the party's notice of appearance and request for service. In the event a party has not consented to e-mail service, copies of pleadings and documents shall be served by fax or by regular mail.

   d. The initial Master Service List shall be filed within three days after entry of this Order. A revised Master Service List shall be filed seven days after the initial Master Service List is filed. The Debtors shall update the Master Service List, and shall file a copy of the updated Master Service List:

      (i) at least every 7 days during the first 30 days of the case;

      (ii)     at least every 15 days during the next 60 days of the case; and

      (iii)    at least every 30 days thereafter throughout the case.

2. <u>Setting Hearings</u>: The Court sets the following dates and times for the next two months as the pre-set hearing date and time for hearing all motions and other matters in these cases:

      (i)     _____, 2022 at _____:_____ \_\_\_.m. (CT);

      (ii)    _____, 2022 at _____:_____ \_\_\_.m. (CT);

      (iii)   _____, 2022 at _____:_____ \_\_\_.m. (CT); and

      (iv)   _____, 2022 at _____:_____ \_\_\_.m. (CT).

3. All motions and other matters requiring hearing, but not requiring expedited or emergency hearing, shall be noticed for hearing on the next hearing day that is at least 23 days after the notice is mailed. As a preface to each pleading, just below the case caption, the pleading shall state:

> **A HEARING WILL BE CONDUCTED ON THIS MATTER ON _____ AT \_\_\_:\_\_\_ \_\_.M. IN COURTROOM \_\_, UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF TEXAS, 501 W. 10TH STREET, FORT WORTH, TX 76102-3643.**
>
> **IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN 23 DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

4. <u>Setting Hearings for Expedited or Emergency Relief</u>. All motions and other matters requiring expedited or emergency hearing shall comply with the usual Court requirements for explanation and verification of the need for emergency or expedited hearing. Specifically, if a

3

party in interest has a situation that it believes requires consideration on less than 23-days' notice, or an emergency that it believes requires consideration on less than five business days' notice, then the motion's title shall contain the word "Expedited" or "Emergency," respectively.

5. The Court will make its best effort to rule on the motion for expedited or emergency hearing within 24 hours of the time it is presented. If the Court grants the motion for expedited or emergency hearing, the underlying motion will be set by the courtroom deputy at the next available pre-set hearing day or at some other appropriate shortened date approved by the Court. The party requesting the hearing shall be responsible for providing proper notice in accordance with this Order, the Bankruptcy Code, and the Bankruptcy Rules.

6. Emergency and expedited hearings (and other hearings in limited circumstances) in these cases may be conducted by telephone or, where available, video.

7. <u>Settlement</u>. If a matter is properly noticed for hearing and the parties reach a settlement of the dispute prior to the final hearing, the parties may announce the settlement at the scheduled hearing. If the Court determines that the notice of the dispute and the hearing is adequate notice of the effects of the settlement, (*i.e.*, that the terms of the settlement are not materially different from what parties in interest could have expected if the dispute were fully litigated) the Court may approve the settlement at the hearing without further notice of the terms of the settlement.

8. <u>Notice and Objections to this Order</u>. The Debtors shall give notice of this Order to all parties in interest within seven days of its entry. If any party in interest, at any time, objects to the provisions of this Order, that party shall file a motion articulating the objection and the relief requested. The motion shall comply with the provisions of this Order. After hearing the objection

and any responses the Court may reconsider any part of this Order and may grant relief, if appropriate.

### # # # End of Order # # #

**Order submitted by:**

**VINSON & ELKINS LLP**
Michael A. Garza (Texas Bar No. 24126797)
Matthew J. Pyeatt (Texas Bar No. 24086609)
Trevor G. Spears (Texas Bar No. 24106681)
2001 Ross Avenue, Suite 3900
Dallas, TX 75201
Tel: 214.220.7700
Fax: 214.999.7787
mgarza@velaw.com
mpyeatt@velaw.com
tspears@velaw.com

- and -

David S. Meyer (*pro hac vice* pending)
George R. Howard (*pro hac vice* pending)
Lauren R. Kanzer (*pro hac vice* pending)
1114 Avenue of the Americas, 32nd Floor
New York, NY 10036
Tel: 212.237.0000
Fax: 212.237.0100
dmeyer@velaw.com
ghoward@velaw.com
lkanzer@velaw.com

**PROPOSED ATTORNEYS FOR
THE DEBTORS AND DEBTORS IN POSSESSION**