Michael A. Garza (Texas Bar No. 24126797)
Matthew J. Pyeatt (Texas Bar No. 24086609)
Trevor G. Spears (Texas Bar No. 24106681)
**VINSON & ELKINS LLP**
2001 Ross Avenue, Suite 3900
Dallas, TX 75201
Tel: 214.220.7700
Fax: 214.999.7787
mgarza@velaw.com; mpyeatt@velaw.com;
tspears@velaw.com
**PROPOSED ATTORNEYS FOR THE DEBTORS**
**AND DEBTORS IN POSSESSION**

David S. Meyer (admitted *pro hac vice*)
George R. Howard (admitted *pro hac vice*)
Lauren R. Kanzer (admitted *pro hac vice*)
**VINSON & ELKINS LLP**
1114 Avenue of the Americas, 32nd Floor
New York, NY 10036
Tel: 212.237.0000
Fax: 212.237.0100
dmeyer@velaw.com; ghoward@velaw.com;
lkanzer@velaw.com

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | **Case No. 22-90000 (MXM)** |
| | § | |
| **ROCKALL ENERGY HOLDINGS, LLC,** | § | **(Chapter 11)** |
| *et al.,* | § | |
| | § | **(Jointly Administered)** |
| | § | |
| Debtors.[1] | § | |

## DEBTORS' APPLICATION FOR
## ENTRY OF AN ORDER AUTHORIZING
## THE RETENTION AND EMPLOYMENT OF WEIL,
## GOTSHAL & MANGES LLP AS SPECIAL COUNSEL TO THE SPECIAL
## LITIGATION COMMITTEE OF THE BOARD OF DIRECTORS
## OF ROCKALL HOLDINGS, LLC, EFFECTIVE AS OF THE PETITION DATE

> **NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 501 W. 10TH STREET, ROOM 147, FORT WORTH, TX 706102-3643, BEFORE CLOSE OF BUSINESS ON MAY 23, 2022, WHICH IS AT LEAST 23 DAYS FROM THE DATE OF SERVICE HEREOF.**
>
> **ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A**

---

[1] The Debtors in these chapter 11 cases and the last four digits of their respective federal tax identification numbers are: Arrow Rock Energy, LLC (7549), Petro Harvester Operating Company, LLC (2136), Rockall Agent Corp. (1653), Rockall Energy Holdings, LLC (5784), Rockall Energy, LLC (6340), Rockall EOR, LLC (4136), Rockall Exploration Company, LLC (0547), Rockall Intermediate, Inc. (9759), Rockall LA, LLC (4270), Rockall Laurel, LLC (1178), Rockall Midstream, LLC (0917), Rockall MS, LLC (0740), Rockall ND, LLC (9311), Rockall Pine Prairie, LLC (5799), White Marlin Investment Company, LLC (9987), and White Marlin Midstream, LLC (1466). The location of the Debtors' U.S. corporate headquarters and the Debtors' service address is: 5005 LBJ Freeway, Suite 700, Dallas, TX 75244.

> **RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**
>
> **IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

The above-referenced debtors and debtors in possession (collectively, the "***Debtors***") respectfully state the following in support of the *Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Weil, Gotshal & Manges LLP as Special Counsel to the Special Litigation Committee of the Board of Directors of Rockall Holdings, LLC, Effective as of the Petition Date* (the "***Application***"):

## RELIEF REQUESTED

1. By this Application, pursuant to sections 327(e), 328(a), 330, 331, and 1107(b) of title 11 of the United States Code (the "***Bankruptcy Code***"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedures (the "***Bankruptcy Rules***"), and Rules 2014-1 and 2016-1 of the Bankruptcy Local Rules for the Northern District of Texas (the "***N.D. Tex. L.B.R.***"), the Debtors seek entry of the Order, substantially in the form attached hereto as **Exhibit A**, (a) authorizing the Debtors to retain and employ Weil, Gotshal & Manges LLP ("***Weil***") as special counsel to the Special Litigation Committee (as defined below), effective as of March 9, 2022 (the "**Petition Date**") pursuant to the terms of that certain engagement letter between the Special Litigation Committee and Weil, dated February 26, 2022 (the "***Engagement Letter***"),[2] (b) approving the terms of Weil's retention and employment including the fee and expense structure set forth herein, and (c) granting related relief. In support of this Application, the Debtors submit the declaration

---

[2] A copy of the Engagement Letter will be provided to the United States Trustee and the Creditors' Committee upon request.

WEIL:\98575870\8\70157.0003

of Jessica Liou (the "***Liou Declaration***"), a partner at Weil, which is attached hereto as **Exhibit B**, and the declaration of William L. Transier, the independent director of the Special Litigation Committee of the Board of Rockall Energy Holdings, LLC, which is attached hereto as **Exhibit C** (the "***Transier Declaration***").

## JURISDICTION AND VENUE

2.      The United States Bankruptcy Court for the Northern District of Texas (the "***Court***") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).  The Debtors confirm their consent, pursuant to Rule 7008 of the Bankruptcy Rules, to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are sections 327(e), 328(a), 330, 331, and 1107(b) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, Rules 2014-1 and 2016-1 of the N.D. Tex. L.B.R., and the *General Order Regarding Procedures for Complex Chapter 11 Cases* (the "***Complex Case Procedures***").

## BACKGROUND

5.      On the Petition Date, the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  As of the date hereof, no request for the appointment of a trustee or examiner has been made.  On March 18, 2022, the United States Trustee appointed an official committee of unsecured creditors (the "***Creditors' Committee***").  *See Appointment of the Official Unsecured Creditors'*

*Committee* [Dkt. No. 130]. On March 24, 2022, the United States Trustee filed the *Amended Appointment of the Official Unsecured Creditors' Committee* [Dkt. No. 150].

6.　　　Additional information regarding the Debtors and these chapter 11 cases, including the Debtors' business operations, capital structure, financial condition, and the reasons for and objectives of these chapter 11 cases, is set forth in the *Declaration of David Mirkin in Support of Chapter 11 Petitions and First Day Pleadings* [Dkt. No. 12] and the *Declaration of Scott M. Pinsonnault in Support of Chapter 11 Petitions and First Day Pleadings* [Dkt. No. 13] (collectively, the "***First Day Declarations***").[3]

## ESTABLISHMENT OF THE SPECIAL LITIGATION COMMITTEE OF THE BOARD AND ITS RETENTION OF WEIL

7.　　　On February 25, 2022, the Board established a Special Litigation Committee (the "***Special Litigation Committee***") and appointed William Transier, an experienced independent director, as its sole member to (i) investigate and determine whether the Debtors hold any causes of action that are worth pursuing (the "***Investigation***"); and (ii) present to the Board the conclusions of the Investigation and recommendations for consideration (collectively, the "***Mandate***").

8.　　　In connection with the Investigation, the Board delegated to the Special Litigation Committee the power and authority to (i) conduct the Investigation, (ii) engage counsel on behalf of the Debtors to assist in the Investigation, and (iii) take all such other actions that it may determine are necessary, advisable, or appropriate to fulfill its duties and responsibilities with respect to its review and evaluation of any potential claims or causes of action the Debtors may have.

---

[3]　Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declarations.

9.     Subsequently, the Special Litigation Committee determined that it was necessary to engage attorneys independent from the Debtors' counsel for the Special Litigation Committee to execute faithfully its responsibilities and duties in connection with these chapter 11 cases and, on February 26, 2022, the Special Litigation Committee retained Weil to serve as legal counsel and assist in discharging its Mandate.

## WEIL'S QUALIFICATIONS

10.     The Special Litigation Committee has selected Weil as its attorney given Weil's recognized experience and expertise with debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code. As set forth in the Liou Declaration, Weil has extensive experience and knowledge in representing companies operating in the energy industry in restructurings, chapter 11 cases, and other related litigation matters. The Debtors also believe that Weil has extensive experience in conducting investigations on various matters, including insider or affiliate transactions, in connection with its past representations of debtors in chapter 11 cases. Accordingly, the Debtors believe that Weil is both well-qualified and uniquely able to represent the Special Litigation Committee as its counsel in these chapter 11 cases pursuant to section 327(e) of the Bankruptcy Code.

## SERVICES TO BE PROVIDED

11.     The Debtors request authority to retain and employ Weil to provide the following legal services to the Special Litigation Committee, including:

a.     conduct the Investigation to determine whether the Debtors hold any claims or causes of action that are worth pursuing;

b.     prepare any report or other papers necessary or otherwise beneficial to meet the objectives of the Special Litigation Committee in connection with the Investigation;

c.     appear before the Court or any other courts to represent the interests of the Special Litigation Committee;

5

d. take all other actions that the Special Litigation Committee may determine are necessary, advisable, or appropriate to fulfill its duties and responsibilities with respect to the Mandate;

e. advise the Independent Director with respect to his rights, powers, and duties as the sole member of the Special Litigation Committee;

f. present to the Special Litigation Committee the findings of the Investigation and advise the Special Litigation Committee regarding the recommendations to the Board for consideration;

g. correspond and participate in conferences with counsel for the Debtors, counsel for the DIP lenders, and counsel for the Committee, as needed, to discuss findings and recommendations with respect to the Investigation, subject to applicable privileges and confidentiality rules; and

h. attend meetings of the Board and represent the Special Litigation Committee relating to its Mandate and other related matters.

## **PROFESSIONAL COMPENSATION**

12. Weil intends to apply for compensation for professional services rendered on an hourly basis and reimbursement of expenses incurred in connection with these chapter 11 cases, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the N.D. Tex. L.B.R., the Complex Case Procedures, and any other applicable procedures and orders of the Court. Weil also intends to make a reasonable effort to comply with the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (the "***UST Guidelines***"). In accordance with the terms of the Engagement Letter, the Debtors have agreed to compensate Weil for the work it performed for the Special Litigation Committee.

13. Weil will bill at its standard hourly rates in effect when services are rendered. Weil's current hourly rates in this matter and similar matters range as follows: $1,310.00 to $1,950.00 for partners, $1,250.00 to $1,300.00 for counsel, $690.00 to $1,200.00 for associates, and $275.00 to $495.00 for paraprofessionals.

WEIL:\98575870\8\70157.0003

14.     The Debtors and the Special Litigation Committee believe that these rates are consistent with market rates for comparable services and understand that Weil reviews and adjusts its billing rates annually.  These rates are set at a level designed to compensate Weil for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses.  Weil's hourly rates vary with the experience and seniority of the individuals assigned.  Weil's hourly rates, however, are consistent with the rates that Weil charges its restructuring clients, regardless of the location of the chapter 11 case.  Weil did not agree to any variations from, or alternatives to, its standard or customary billing arrangements for this engagement.

15.     The foregoing hourly rates were effective as of January 1, 2022.  As discussed herein, Weil was retained by the Special Litigation Committee in February 2022 to assist with the Investigation.  As discussed in the Liou Declaration, Weil's hourly rates are adjusted from time to time.  During the prepetition period, Weil billed the Special Litigation Committee using its hourly rates in effect at that time.  Weil's billing rates have not changed or increased between February 2022 and the date hereof.  Weil also intends to seek reimbursement for expenses incurred in connection with its representation of the Special Litigation Committee in accordance with Weil's normal reimbursement policies, subject to any modifications to such policies that Weil may be required to make to comply with orders of this Court, the Bankruptcy Code, the Bankruptcy Rules, the N.D. Tex. L.B.R., and the UST Guidelines.  Weil's disbursement policies pass through all out-of-pocket expenses at actual cost or an estimated actual cost when the actual cost is difficult to determine.  For example, with respect to duplication charges, Weil will charge $.10 per printed black and white page and $.50 per color page because the actual cost is difficult to determine.  Similarly, as it relates to computerized research, Weil believes that it does not make a profit on that service as a whole, although the cost of any particular search is difficult to ascertain.  Other

reimbursable expenses (whether the service is performed by Weil in-house or through a third-party vendor) include overtime, deliveries, court costs, cost of food at meetings, transcript fees, travel fees, and clerk fees.

## WEIL'S PREPETITION COMPENSATION

16.     In the ninety (90) days prior to the commencement of these cases, Weil received from the Debtors an advance payment in the aggregate amount of approximately $350,000.00 for services to be rendered and expenses to be incurred by Weil pursuant to the terms of the Engagement Letter.  During the 90-day period prior to the Petition Date, Weil applied the amount advanced to it by the Debtors to a prepetition invoice issued on March 8, 2022 which included accrued fees of $159,095.00.  As of the Petition Date, Weil had a remaining credit balance in favor of the Debtors in the approximate amount of $190,905.00.  Due to the inherent delays caused by accounting and processing, certain prepetition fees and expenses may have been incurred but not yet invoiced as of the Petition Date.  After application of amounts for payment of any additional prepetition fees and expenses incurred, the excess advance amount will be held by Weil, in accordance with N.D. Tex. L.B.R. 2016-1(b), in a trust account for application to and payment of postpetition fees and expenses that are allowed by the Court.

17.     Pursuant to Bankruptcy Rule 2016(b), Weil has neither shared nor agreed to share (i) any compensation it has received or may receive from the Debtors with another party or person, other than with Weil's professionals or (ii) any compensation another person or party has received or may receive.

## WEIL'S RETENTION SATISFIES SECTION 327(e)

18.     Section 327(e) of the Bankruptcy Code requires that proposed counsel "not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed." 11 U.S.C. § 327(e).  As set forth in the Liou Declaration,

Weil conducted a thorough conflicts analysis with respect to individuals and entities that may be parties in interest in these chapter 11 cases. To the best of the Debtors' knowledge, information, and belief, and as set forth in the Liou Declaration, neither Weil, nor any Weil professional working on or connected to Weil's engagement on the Special Litigation Committee's behalf, holds or represents any interest adverse to the Special Litigation Committee, the Debtors, or their estates on the matters for which Weil is to be employed.

19.     The Debtors understand that Weil will continue to conduct periodic conflicts analyses to determine whether it is performing or has performed services for any significant parties in interest in these chapter 11 cases and will promptly update the Liou Declaration to disclose any material developments regarding the Debtors or any other pertinent relationships that come to Weil's attention.

## NO DUPLICATION OF SERVICES

20.     The Debtors believe that the services performed by Weil will not duplicate or overlap with the services that other professionals will be providing to the Debtors in these chapter 11 cases. The Debtors and the Special Litigation Committee will coordinate with Weil and the Debtors' other professionals to minimize unnecessary duplication of efforts among the Debtors' professionals. In particular, Weil will not act as the Debtors' general bankruptcy counsel in these chapter 11 cases.

## BASIS FOR RELIEF REQUESTED

21.     Section 327(e) of the Bankruptcy Code provides that a debtor subject to court approval:

> [M]ay employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C § 327(e). Retention of an attorney under section 327(e) does not call for the same searching inquiry required for a debtor to retain general bankruptcy counsel under section 327(a). *See In re W. Delta Oil Co., Inc.*, 432 F.3d 347, 357 (5th Cir. 2005) ("As we have noted, special counsel employed under § 327(e) need only avoid possessing interests adverse to the debtor or to the estate *with respect to the matter on which such attorney is to be employed*.") (emphasis in original) (internal quotation marks and citation omitted).

22.     In considering whether to appoint special counsel, courts generally consider whether "(1) the representation is in the best interest of the estate, (2) the attorney represented the debtor in the past, (3) the attorney is for a specific purpose approved by the court, other than to represent the debtor in conducting the case, (4) the attorney does not represent or hold an interest adverse to the debtor or the debtor's estate." *In re Woodworkers Warehouse, Inc.*, 323 B.R. 403, 406 (Bankr. D. Del. 2005); *accord In re Johnson*, 433 B.R. 626, 635 (Bankr. S.D. Tex. 2010) ("Section 327(e) therefore allows the Debtor to employ special counsel with the court's approval subject to the four-prong test . . . .").

23.     The Debtors submit, in light of Weil's restructuring experience and its knowledge with respect to the Investigation based on its work performed on behalf of the Special Litigation Committee prior to the Petition Date and the work it continued to perform and completed for the Special Litigation Committee after the Petition Date, Weil's immediate retention as Special Litigation Committee's counsel is both necessary and in the best interests of the Debtors' estates. Indeed, if the Debtors were hypothetically required to retain different counsel to replace Weil, the Debtors would need to locate, educate, and integrate new counsel and expend significant resources in doing so, rather than devoting their immediate time and focus to their restructuring and sale

efforts. In this respect, retaining Weil will avoid unnecessary administrative expenses and delays, result in cost efficiencies, and will assist in maximizing value for all stakeholders.

24. Additionally, pursuant to Bankruptcy Code section 328(a), the Debtors "with the court's approval, may . . . authorize the employment of a professional person under section 327 . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a). Bankruptcy Code section 328(a) permits compensation of professionals on flexible terms that reflect the nature of their services and market conditions.

25. Furthermore, Bankruptcy Rule 2014(a) requires that a retention application include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

26. The Debtors submit that for all the reasons stated herein and in the Liou Declaration, the retention and employment of Weil as special counsel to the Special Litigation Committee is warranted. Further, as stated in the Liou Declaration, Weil does not hold or represent an interest adverse to the Special Litigation Committee, the Debtors, their estates or with respect to the matters in which Weil is to be employed.

27. If new or additional relationships are discovered or arise, Weil will use reasonable efforts to identify them and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

## WEIL'S RETENTION EFFECTIVE AS OF THE PETITION DATE IS APPROPRIATE

28. The Debtors respectfully submit that approval of Weil's retention effective as of the Petition Date so that Weil may be compensated for the services it has provided before this Application is heard by the Court is warranted as set forth below.

29. As set forth herein, the Special Litigation Committee engaged Weil at the end of February 2022 to assist with the Investigation. The Debtors initially contemplated retaining Weil through the procedures as set forth in the Debtors' *Motion for Entry of an Order (I) Authorizing the Debtors to Retain and Compensate Professionals Utilized in the Ordinary Course of Business and (II) Granting Related Relief* [Dkt No. 148] (the "***OCP Motion***"). It was ultimately determined, however, that the amount of work that remained to be done in connection with Weil's engagement would cause Weil to exceed the caps proposed in the OCP Motion and require the filing of a full retention application.

30. In preparation of this Application, as set forth in the Liou Declaration, Weil received from the Debtors' counsel a list of the names of entities that may be parties in interest in these chapter 11 cases and conducted a thorough and extensive conflicts analysis with respect to individuals and entities that may be parties in interest in these chapter 11 cases.

31. During the conflicts analysis process, in order to provide uninterrupted service to the Special Litigation Committee and ensure a thorough and timely conclusion to the Investigation, Weil continued to provide its services to the Special Litigation Committee after the Petition Date. In addition, Weil has been regularly coordinating with counsel to the Debtors and counsel to the Creditors' Committee during the chapter 11 cases to efficiently respond to requests for calls, information, and documents from counsel to the Creditors' Committee regarding the Special Litigation Committee's Investigation. Therefore, the approval of this Application as of the Petition

Date is in the best interests of the Debtors, their estates, creditors, or other parties in interest and do not prejudice any parties in interest in these chapter 11 cases.

## NOTICE

32. Notice of this Application has been provided by delivery to: (a) the Office of the United States Trustee for the Northern District of Texas; (b) the Committee and their counsel; (c) the Term Loan Agent; (d) the DIP Agent; (e) Cleary Gottlieb Steen & Hamilton, as counsel to the Term Loan Agent and the DIP Agent; (f) Shell; (g) Reed Smith LLP, as counsel to Shell; (h) those persons who have formally appeared in these chapter 11 cases and requested service pursuant to Bankruptcy Rule 2002; (i) the Internal Revenue Service; and (j) all other applicable government agencies to the extent required by the Bankruptcy Rules or the N.D. Tex. L.B.R. In light of the nature of the relief requested in this Application, the Debtors submit that no further notice is necessary.

## NO PRIOR REQUEST

33. No prior Application for the relief requested herein has been made to this Court or any other court.

The Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, and grant such other and further relief to which the Debtors may be justly entitled.

Dated: April 29, 2022
Dallas, Texas

/s/ *David Mirkin*
David Mirkin
Chief Financial Officer
Rockall Energy Holdings, LLC

/s/ *William L. Transier*
William L. Transier
Independent Director of the Special Litigation
Committee of the Board of Rockall Energy
Holdings, LLC

WEIL:\98575870\8\70157.0003

## **CERTIFICATE OF SERVICE**

I certify that on April 29, 2022, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Texas.

_/s/ Michael A. Garza_
One of Counsel

**EXHIBIT A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Case No. 22-90000 (MXM)** |
| | § | |
| **ROCKALL ENERGY HOLDINGS, LLC,** | § | **(Chapter 11)** |
| *et al.*, | § | |
| | § | **(Jointly Administered)** |
| | § | |
| **Debtors.**[1] | § | |

**ORDER AUTHORIZING**
**THE RETENTION AND EMPLOYMENT OF**
**WEIL, GOTSHAL & MANGES LLP AS SPECIAL COUNSEL TO**
**THE SPECIAL LITIGATION COMMITTEE OF THE BOARD OF DIRECTORS**
**OF ROCKALL HOLDINGS, LLC, EFFECTIVE AS OF THE PETITION DATE**

---

[1] The Debtors in these chapter 11 cases and the last four digits of their respective federal tax identification numbers are: Arrow Rock Energy, LLC (7549), Petro Harvester Operating Company, LLC (2136), Rockall Agent Corp. (1653), Rockall Energy Holdings, LLC (5784), Rockall Energy, LLC (6340), Rockall EOR, LLC (4136), Rockall Exploration Company, LLC (0547), Rockall Intermediate, Inc. (9759), Rockall LA, LLC (4270), Rockall Laurel, LLC (1178), Rockall Midstream, LLC (0917), Rockall MS, LLC (0740), Rockall ND, LLC (9311), Rockall Pine Prairie, LLC (5799), White Marlin Investment Company, LLC (9987), and White Marlin Midstream, LLC (1466). The location of the Debtors' U.S. corporate headquarters and the Debtors' service address is: 5005 LBJ Freeway, Suite 700, Dallas, TX 75244.

Upon the application (the "***Application***")[2] of the above-referenced debtors and debtors in possession (collectively, the "***Debtors***") for the entry of an order (the "***Order***") authorizing the Debtors to retain and employ Weil, Gotshal & Manges LLP ("***Weil***") as special counsel to the Special Litigation Committee, effective as of the Petition Date; and the Court having reviewed the Application, the Liou Declaration, and the Transier Declaration; and the Court having jurisdiction over the matters raised in the Application pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found based on the representations made in the Application and in the Liou Declaration and/or the Transier Declaration that Weil does not hold or represent an interest adverse to the Debtors' estates with respect to the matters in which Weil is to be employed; and the Court having found that Weil's employment is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that proper and adequate notice of the Application and hearing thereon has been given and that no other or further notice is necessary; and the Court having found that good and sufficient cause exists for the granting of the relief requested in the Application after having given due deliberation upon the Application and all of the proceedings had before the Court in connection with the Application, it is HEREBY ORDERED THAT:

1.      The Debtors are authorized to retain and employ Weil as special counsel to the Special Litigation Committee effective as of the Petition Date in accordance with (a) the terms and conditions set forth in the Application and the Engagement Letter; and (b) this Order.

---

[2]      Capitalized terms used but not otherwise defined herein shall have the meaning set forth in the Application.

2.     Weil is authorized without further order of the Court to reserve and apply amounts from Weil's prepetition advance payment retainer as are necessary and appropriate to compensate and reimburse Weil for any outstanding fees or expenses incurred on or prior to the Petition Date, consistent with Weil's ordinary course billing practices.

3.     Weil shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with these chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, the N.D. Tex. L.B.R., the Complex Case Procedures, and any other applicable procedures and orders of the Court.  Weil shall also use reasonable best efforts to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* in connection with interim and final fee applications to be filed by Weil in these chapter 11 cases.

4.     The Debtors and Weil are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

5.     To the extent there is any inconsistency between the terms of the Engagement Letter, the Application, and this Order, the terms of this Order shall govern.

6.     Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the N.D. Tex. L.B.R. and Complex Case Procedures are satisfied by the contents of the Application.

7.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8.     The Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

### # # # END OF ORDER # # #

## **EXHIBIT B**

**Liou Declaration**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | **Case No. 22-90000 (MXM)** |
| | § | |
| **ROCKALL ENERGY HOLDINGS, LLC,** | § | **(Chapter 11)** |
| *et al.,* | § | |
| | § | **(Jointly Administered)** |
| | § | |
| Debtors.[1] | § | |

**DECLARATION OF JESSICA LIOU IN**
**SUPPORT OF APPLICATION FOR ENTRY OF AN**
**ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT**
**OF WEIL, GOTSHAL & MANGES LLP AS SPECIAL COUNSEL TO**
**THE SPECIAL LITIGATION COMMITTEE OF THE BOARD OF DIRECTORS**
**OF ROCKHALL HOLDINGS, LLC, EFFECTIVE AS OF THE PETITION DATE**

I, Jessica Liou, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that

the following is true and correct to the best of my knowledge, information and belief:

1.      I am an attorney admitted to practice in the State of New York, and I am a partner

of the law firm of Weil, Gotshal & Manges LLP ("*Weil*"). Weil is an international law firm with

principal offices at 767 Fifth Avenue, New York, New York 10153; regional offices in

Washington, D.C.; Houston and Dallas, Texas; Miami, Florida; Boston, Massachusetts; Princeton,

New Jersey; and Redwood Shores, California; and foreign offices in London, United Kingdom;

Frankfurt and Munich, Germany; Paris, France; Brussels, Belgium; Beijing and Shanghai, China;

and Hong Kong. I am a member in good standing of the New York Bar.

---

[1]     The Debtors in these chapter 11 cases and the last four digits of their respective federal tax identification numbers are:  Arrow Rock Energy, LLC (7549), Petro Harvester Operating Company, LLC (2136), Rockall Agent Corp. (1653), Rockall Energy Holdings, LLC (5784), Rockall Energy, LLC (6340), Rockall EOR, LLC (4136), Rockall Exploration Company, LLC (0547), Rockall Intermediate, Inc. (9759), Rockall LA, LLC (4270), Rockall Laurel, LLC (1178), Rockall Midstream, LLC (0917), Rockall MS, LLC (0740), Rockall ND, LLC (9311), Rockall Pine Prairie, LLC (5799), White Marlin Investment Company, LLC (9987), and White Marlin Midstream, LLC (1466). The location of the Debtors' U.S. corporate headquarters and the Debtors' service address is:  5005 LBJ Freeway, Suite 700, Dallas, TX 75244.

2.       I submit this declaration (the "***Declaration***") in support of the application (the "***Application***")[2] of the Debtors for authority to retain and employ Weil as special counsel to the Special Litigation Committee of the Board of Directors of Rockall Holdings, effective as of the Petition Date, under the terms and conditions set forth in the Application.  I submit this Declaration in accordance with sections 327(e) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016(b), and N.D. Tex. L.B.R. 2014-1.  Except as otherwise noted, I have personal knowledge of the matters set forth herein.

## WEIL'S QUALIFICATIONS

3.       Pursuant to its Board-granted authority, the Special Litigation Committee determined that it was necessary to engage attorneys independent from the Debtors' counsel to execute faithfully its responsibilities and duties in connection with the Investigation.  On February 26, 2022, the Special Litigation Committee retained Weil to serve as legal counsel and assist in discharging its Mandate.

4.       The Special Litigation Committee selected Weil because the attorneys from Weil have extensive experience and have demonstrated in-depth knowledge in the area of business reorganization under chapter 11 of the Bankruptcy Code and related litigation matters.  For example, Weil currently represents or has represented, among others, the following debtors and their affiliates: Fieldwood Energy LLC, EP Energy Corporation, Chisholm Oil and Gas Operating, LLC, CBL & Associates Properties, Inc., Skillsoft Corporation, Brooks Brothers Group, Inc., Briggs & Stratton Corporation, 24 Hour Fitness Worldwide, Inc., NPC International, Inc., CEC Entertainment, Inc., VIVUS, Inc., Exide Holdings, Inc., and SpeedCast International Limited.

---

[2]     Capitalized terms used but not otherwise defined herein have the meanings set forth in the Application.

5. As set forth herein, Weil has extensive experience and knowledge in representing companies operating in the energy industry in restructurings, chapter 11 cases, and other related litigation matters. Weil also has extensive experience in conducting investigations on various matters, including insider or affiliate transactions, in connection with its past representations of debtors in chapter 11 cases. Accordingly, Weil is both well-qualified and uniquely able to represent the Special Litigation Committee as its counsel in these chapter 11 cases pursuant to section 327(e) of the Bankruptcy Code.

## SERVICES TO BE PROVIDED

6. Subject to further order of the Court, the Debtors request authority to retain and employ Weil to provide the following legal services to the Special Litigation Committee, including:

   a. conduct the Investigation to determine whether the Debtors hold any claims or causes of action that are worth pursuing;

   b. prepare any report or other papers necessary or otherwise beneficial to meet the objectives of the Special Litigation Committee in connection with the Investigation;

   c. appear before the Court or any other courts to represent the interests of the Special Litigation Committee;

   d. take all other actions that the Special Litigation Committee may determine are necessary, advisable, or appropriate to fulfill its duties and responsibilities with respect to the Mandate;

   e. advise the Independent Director with respect to his rights, powers, and duties as the sole member of the Special Litigation Committee;

   f. present to the Special Litigation Committee the findings of the Investigation and advise the Special Litigation Committee regarding the recommendations to the Board for consideration;

   g. correspond and participate in conferences with counsel for the Debtors, counsel for the DIP lenders, and counsel for the Committee, as needed, to discuss findings and recommendations with respect to the Investigation, subject to applicable privileges and confidentiality rules; and

   h. attend meetings of the Board and represent the Special Litigation Committee relating to its Mandate and other related matters.

3

## PROFESSIONAL COMPENSATION

7.      Weil intends to apply for compensation for professional services rendered on an hourly basis and reimbursement of expenses incurred in connection with these chapter 11 cases, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the N.D. Tex. L.B.R., the Complex Case Procedures, and any other applicable procedures and orders of the Court.  Weil also intends to make a reasonable effort to comply with the UST Guidelines.  In accordance with the terms of the Engagement Letter, the Debtors have agreed to compensate Weil for the work performed for the Special Litigation Committee.

8.      Weil will bill at its standard hourly rates in effect when services are rendered. Weil's current hourly rates in this matter and similar matters range as follows: $1,310.00 to $1,950.00 for partners, $1,250.00 to $1,300.00 for counsel, $690.00 to $1,200.00 for associates, and $275.00 to $495.00 for paraprofessionals.

9.      The Debtors and the Special Litigation Committee believe that these rates are consistent with market rates for comparable services and understand that Weil typically reviews and adjusts its billing rates annually.  These rates are set at a level designed to compensate Weil for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses.  Weil's hourly rates vary with the experience and seniority of the individuals assigned.  Weil's hourly rates, however, are consistent with the rates that Weil charges its restructuring clients, regardless of the location of the chapter 11 case.  Weil did not agree to any variations from, or alternatives to, its standard or customary billing arrangements for this engagement.

10.     The foregoing hourly rates were effective as of January 1, 2022.  Weil's billing rates are subject to periodic adjustments to reflect economic and other conditions.  As discussed herein, Weil was retained by the Special Litigation Committee in February 2022 to assist with the

Investigation. During the prepetition period, Weil billed the Special Litigation Committee using its hourly rates effective at that time. Weil's billing rates have not changed or increased between February 2022 and the date hereof.

11.     Weil also intends to seek reimbursement for expenses incurred in connection with its representation of the Special Litigation Committee in accordance with Weil's normal reimbursement policies, subject to any modifications to such policies that Weil may be required to make to comply with orders of this Court, the Bankruptcy Code, the Bankruptcy Rules, the N.D. Tex. L.B.R., and the UST Guidelines. Weil's disbursement policies pass through all out-of-pocket expenses at actual cost or an estimated actual cost when the actual cost is difficult to determine. For example, with respect to duplication charges, Weil will charge $.10 per printed black and white page and $.50 per color page because the actual cost is difficult to determine. Similarly, as it relates to computerized research, Weil believes that it does not make a profit on that service as a whole, although the cost of any particular search is difficult to ascertain. Other reimbursable expenses (whether the service is performed by Weil in-house or through a third-party vendor) include overtime, deliveries, court costs, cost of food at meetings, transcript fees, travel fees, and clerk fees.

## WEIL'S PREPETITION COMPENSATION

12.     In the ninety (90) days prior to the commencement of these cases, Weil received from the Debtors an advance payment in the aggregate amount of approximately $350,000.00 for services to be rendered and expenses to be incurred by Weil pursuant to the terms of the Engagement Letter. During the 90-day period prior to the Petition Date, Weil applied the amount advanced to it by the Debtors to a prepetition invoice issued on March 8, 2022 which included accrued fees of $159,095.00. As of the Petition Date, Weil had a remaining credit balance in favor of the Debtors in the approximate amount of $190,905.00. Due to the inherent delays caused by

5

accounting and processing, certain prepetition fees and expenses may have been incurred but not yet invoiced as of the Petition Date. After application of amounts for payment of any additional prepetition fees and expenses incurred, the excess advance amount will be held by Weil, in accordance with N.D. Tex. L.B.R. 2016-1(b), in a trust account for application to and payment of postpetition fees and expenses that are allowed by the Court.

13.     Pursuant to Bankruptcy Rule 2016(b), Weil has neither shared nor agreed to share (a) any compensation it has received or may receive from the Debtors with another party or person, other than with Weil's professionals or (b) any compensation another person or party has received or may receive.

## STATEMENT REGARDING THE UST GUIDELINES

14.     Weil will apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with these chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, N.D. Tex. L.B.R., the Complex Case Procedures, and any other applicable procedures and orders of the Court. Weil also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the UST Guidelines, both in connection with the Application and the interim and final fee applications to be filed by Weil in these chapter 11 cases.

## ATTORNEY STATEMENT PURSUANT TO THE UST GUIDELINES

15.     The following is provided in response to the request for additional information set forth in Paragraph D.1 of the UST Guidelines:

a.  **Question**: Did Weil agree to any variations from, or alternatives to, Weil's standard billing arrangements for this engagement?

**Answer**: No. The hourly rates set forth in the Application are consistent with the rates that Weil charges other comparable chapter 11 clients, and the rate structure

provided by Weil is appropriate and is not significantly different from (a) the rates that Weil charges in other non-bankruptcy representations or (b) the rates of other comparably skilled professionals for similar engagements.

b. **Question**: Do any of the professionals in this engagement vary their rate based on the geographic location of these chapter 11 cases?

**Answer**: No.

c. **Question**: If Weil has represented the Debtors in the 12 months prepetition, disclose Weil's billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If Weil's billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.

**Answer**: As disclosed above, pursuant to the terms of the Engagement Letter, Weil represented the Special Litigation Committee since February 2022 with respect to the Investigation. During that period, Weil charged the Special Litigation Committee its standard rates in effect at that time. Weil's billing rates have not changed or increased between February 2022 and the date hereof.

d. **Question**: Have the Debtors approved Weil's budget and staffing plan, and, if so, for what budget period?

**Answer**: Weil has regular meetings with the Special Litigation Committee to provide updates regarding the ongoing workstreams, developments, and material facts discovered in the course of the Investigation, and other strategic considerations. Weil will not otherwise develop a formal budget and staffing plan unless otherwise requested by the Special Litigation Committee.

## SEARCH METHODS FOR POTENTIAL CONFLICTS

16. In preparing this Declaration, Weil used a set of procedures developed by Weil to ensure compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the N.D. Tex. L.B.R. regarding the retention of professionals by a debtor under the Bankruptcy Code (the "***Firm Disclosure Procedures***"). Pursuant to the Firm Disclosure Procedures, I caused to be performed the following actions to identify the parties relevant to this Declaration and to ascertain Weil's connection to such parties:

a. Weil received from the Debtors' counsel a list of the names of entities that may be parties in interest in these chapter 11 cases (the "***Searched Parties***") attached hereto as **Schedule 1**.

7

b.    Weil maintains a master client database as part of its conflict clearance and billing records. The master client database includes the names of the entities for which any attorney time charges have been billed since the database was first created (the "***Client Database***"). The Client Database includes the names of all current and former clients, the names of the parties who are or were related or adverse to such current and former clients, and the names of the Weil personnel who are or were responsible for current or former matters for such clients. Weil's policy is that no new matter may be accepted or opened within the Firm without completing and submitting to those charged with maintaining the conflict clearance system the information necessary to check each such matter for conflicts, including the identity of the prospective client, the name of the matter, adverse parties, and, in some cases, parties related to the client or to an adverse party. Accordingly, the database is updated for every new matter undertaken by Weil. The accuracy of the system is a function of the completeness and accuracy of the information submitted by the attorney opening a new matter.

c.    Weil compared the names of each of the Searched Parties to client matters in the Client Database for which professional time was recorded during the two years prior to the comparison. Any matches to names in the Client Database generated by the comparison were compiled, together with the names of the respective Weil personnel responsible for the identified client matters (the "***Client Match List***").

d.    A Weil attorney then reviewed the Client Match List and deleted obvious name coincidences and individuals or entities that were adverse to Weil's clients in both this matter and the matter referenced on the Client Match List.

e.    Using information in the Client Database concerning entities on the Client Match List and making general and, if applicable, specific inquiries of Weil personnel, Weil verified that it does not represent and has not represented any entity on the Client Match List in connection with this Chapter 11 Case.

f.    In addition, a general inquiry was sent by electronic mail to all Weil personnel (attorneys and staff) to determine whether any such individuals or any members of their households (i) own any debt or equity securities of the Debtors; (ii) hold a claim against or interest adverse to the Debtors; (iii) are or were officers, directors, or employees of the Debtors or any of the affiliates or subsidiaries; (iv) are related to or have any connections to Bankruptcy Judges in the Northern District of Texas; or (v) are related to or have any connections to the Office of the United States Trustee for Region 6 (the "***UST***"), or any person employed in the Office of the UST.

17.    Weil compiled responses to the foregoing inquiries for the purpose of preparing this Declaration. Responses to the inquiry described in paragraph 5(f) above reflect that no Weil

WEIL:\98575870\8\70157.0003

personnel or member of the household of any Weil personnel (i) holds any claims against, stock or securities of, or other interests in the Debtors and that no such individuals was employed by the Debtors; (ii) has any connection with the UST, any person employed in the Office of the UST, or any Bankruptcy Judge currently serving on the United States Bankruptcy Court for the Northern District of Texas, except as disclosed or otherwise described in this Declaration; and (iii) holds any of the Debtors' debt or equity securities nor is any member or employee of Weil an insider of the Debtors.

18.    Some Weil attorneys or personnel (and members of their immediate families) (i) had participated and may participate in legal activities, (ii) had and have affiliations through law school or other organizations, (iii) and might have other social interactions in the community that might involve some incidental contact with judges and other personnel of the United States Bankruptcy Court for the Northern District of Texas, the UST, or any attorney for or employee of the UST Office.

### WEIL'S CONNECTIONS WITH PARTIES IN INTEREST
### IN MATTERS UNRELATED TO THESE CHAPTER 11 CASES

19.    Either I, or an attorney working under my supervision, reviewed the connections between Weil and the clients identified on the Client Match List, and the connections between those entities and the Debtor.  After such review, either I, or an attorney working under my supervision, determined, in each case, that Weil does not hold or represent an interest that is adverse to the Debtors or their estates with respect to the matters on which Weil is to be employed.

20.    An entity is described as a "Current Client" if Weil has any open matters for such entity or a known affiliate of such entity and attorney time charges have been recorded on any such matters within the past two years.  An entity is described as a "Former Client" if Weil represented such entity or a known affiliate of such entity within the past two years based on recorded attorney

time charges on a matter, but all matters for such entity or any known affiliate of such entity have been formally closed. Because the Firm Disclosure Procedures only reflect client activity during the past two years, matches to client matters outside that timeframe are not reflected in this Declaration.

21.     To the extent that such searches indicated that Weil has or had a relationship with any potential parties in interest set forth in **Schedule 1**, the identity of such entity, and Weil's relationship therewith, are set forth on the attached **Schedule 2** (the "***Disclosure Schedule***").

22.     Despite the efforts described above to identify and disclose Weil's connections with the Searched Parties, because Weil is an international law firm with approximately 1,100 attorneys in multiple offices worldwide, I am unable to state that every client representation or other connection has been disclosed. To the extent that the firm discovers any connection with any Searched Parties not identified herein, or enters into any new relationship with any interested party, the firm will promptly supplement its disclosure to the Court.

## SPECIFIC DISCLOSURES

23.     As specifically set forth herein and in the attached schedules, Weil has, in the past, represented, currently represents, and may, in the future, represent the entities (or their affiliates) that are claimants, interest holders of the Debtors, or other parties in interest as described below, in matters unrelated to this engagement, the Special Litigation Committee, the Debtors, their estates or these chapter 11 cases. Some of those entities are, or may consider themselves to be, creditors or parties in interest in these chapter 11 cases or otherwise have interests in this case. Weil believes that its representation of such parties in interest in such unrelated matters will not affect its representation of the Special Litigation Committee in these proceedings. Moreover, pursuant to section 327(e) of the Bankruptcy Code, Weil is not disqualified from acting as Special

Litigation Committee's counsel as a result of its representation of certain of the Debtors' creditors, equity security holders, or other parties in interest in matters unrelated to these chapter 11 cases.

24.     Weil currently represents, and in the past has represented, Goldman Sachs Group, Inc. and its affiliates ("**Goldman Sachs**") in a variety of matters unrelated to the Debtors or these chapter 11 cases. In addition to Goldman Sachs, Weil currently represents, and in the past has represented, Texas Pacific Group and its affiliates and/or portfolio companies ("**TPG**") in a variety of matters unrelated to the Debtors or these chapter 11 cases. TPG indirectly owns a minority of the equity interests in Rockall Energy Holdings, LLC. In all instances, Weil has not represented, and does not and will not represent, Goldman Sachs or TPG in matters adverse to the Debtors or to the estate with respect to the matters on which Weil is to be employed. I do not believe Weil's current or past representation of Goldman Sachs and TPG in unrelated situations presents a conflict but have disclosed the connection out of an abundance of caution.

25.     In addition, certain of the parties listed on **<u>Schedule 1</u>** are or were, from time to time, members of ad hoc committees represented by Weil in matters unrelated to the Debtors' chapter 11 cases. In such instances, Weil only represented and represents the committees and did and does not represent the creditor in its individual capacity, and no attorney client relationship exists or existed between Weil and such party in interest unless specifically noted. Weil does not and will not represent these parties with respect to the matters on which Weil is to be employed.

26.     To the best of my knowledge and information, the annual fees for each of the last two years paid to Weil by any party on the Client Match List or its affiliates did not exceed 1% of the Firm's annual gross revenue, except for the following party: Goldman Sachs accounted for 1.9% of Weil's last twelve months' revenue and 1.4% of Weil's last twenty-four months' revenue.

WEIL:\98575870\8\70157.0003

27.     In addition to the foregoing thorough and diligent inquiry, I have ascertained no connection, as such term is used in section 101(14)(C) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and Bankruptcy Rule 2014(a), between Weil and (i) the UST or any person employed in the UST Office, (ii) any attorneys, accountants, or financial consultants in these chapter 11 cases, or (iii) any investment bankers who represent or may represent the Debtors, claimants, or other parties in interest in these chapter 11 cases, except as set forth herein and on the Disclosure Schedule. As part of its practice, Weil appears in cases, proceedings, and transactions involving many different attorneys, accountants, financial consultants, and investment bankers, some of whom now, or may in the future, represent claimants and other parties in interest in these chapter 11 cases. Weil has not represented, and will not represent, any such parties in relation to the Debtors or these chapter 11 cases. Weil does not have any relationship with any such attorneys, accountants, financial consultants, or investment bankers that would be adverse to the Debtors or the Debtors' estates with respect to the matters on which Weil is to be employed.

28.     Weil also represents numerous entities in unrelated matters that may buy and/or sell distressed debt, claims, or equity interests of chapter 11 debtors. Similarly, as a large firm, Weil may represent creditors/investors of or parties interested in investing in one or more parties in interest in these chapter 11 cases. Weil does not believe these relationships represent interests adverse to the Debtors or the Debtors' estates with respect to the matters on which Weil is to be employed.

29.     In addition, it is my understanding that if a conflict of interest with respect to a party set forth on **Schedule 1** or another party in interest later identified in this case should arise, the Debtors will use the services of conflicts counsel in connection with that matter.

30. Weil will use reasonable efforts to see that no conflicts or other disqualifying circumstances exist or arise during the pendency of these chapter 11 cases. If any new material facts or relationships are discovered or arise, Weil will use reasonable efforts to identify them and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

31. The approval of Weil's retention effective as of the Petition Date so that Weil may be compensated for the services it has provided before this Application is heard by the Court is warranted as set forth below. After Weil's engagement by the Special Litigation Committee at the end of February 2022 to assist with the Investigation, the Debtors initially contemplated retaining Weil through the procedures as set forth in the Debtors' *Motion for Entry of an Order (I) Authorizing the Debtors to Retain and Compensate Professionals Utilized in the Ordinary Course of Business and (II) Granting Related Relief* [Dkt No. 148] (the "***OCP Motion***"). It was ultimately determined, however, that the amount of work that remained to be done in connection with Weil's engagement would cause Weil to exceed the caps proposed in the OCP Motion and require the filing of a full retention application.

32. In preparation of this Application, Weil received from the Debtors' counsel a list of the names of entities that may be parties in interest in these chapter 11 cases and conducted a thorough and extensive conflicts analysis with respect to individuals and entities that may be parties in interest in these chapter 11 cases.

33. During the conflicts analysis process, in order to provide uninterrupted service to the Special Litigation Committee and ensure a thorough and timely conclusion to the Investigation, Weil continued to provide its services to the Special Litigation Committee after the Petition Date. In addition, Weil has been regularly coordinating with counsel to the Debtors and counsel to the Creditors' Committee during the chapter 11 cases to efficiently respond to requests for calls,

information, and documents from counsel to the Creditors' Committee regarding the Special Litigation Committee's Investigation. Therefore, the approval of this Application as of the Petition Date is in the best interests of the Debtors, their estates, creditors, or other parties in interest and do not prejudice any parties in interest in these chapter 11 cases.

Dated: April 29, 2022
New York, New York

/s/ Jessica Liou
Jessica Liou
Partner, Weil, Gotshal & Manges LLP

**<u>Schedule 1</u>**

**Parties Searched**

| <u>Schedule</u> | <u>Category</u> |
|---|---|
| 2(a) | Debtors and Former Names |
| 2(b) | Current and Former Officers and Directors |
| 2(c) | Ordinary Course Professionals |
| 2(d) | Proposed Debtors' Professionals |
| 2(e) | Equityholders |
| 2(f) | Secured Creditors |
| 2(g) | Regulatory and Governmental Agencies |
| 2(h) | Largest Customers |
| 2(i) | Significant Vendors and Unsecured Creditors |
| 2(j) | Utility Providers |
| 2(k) | Litigation Counterparties |
| 2(l) | Non-Debtor Professionals |
| 2(m) | Landlords and Parties to Leases |
| 2(n) | Insurance Providers & Brokers |
| 2(o) | Benefit Providers |
| 2(p) | Banks |
| 2(q) | Bankruptcy Judges for the Northern District of Texas |
| 2(r) | United States Trustee's Office for the Northern District of Texas – Region 6 |

## Schedule 1(a)

### Debtors and Former Names

**Debtors**
>Rockall Energy Holdings, LLC
>Rockall Energy, LLC
>Rockall Laurel, LLC
>Rockall ND, LLC
>Rockall MS, LLC
>Rockall Midstream, LLC
>Rockall LA, LLC
>Rockall EOR, LLC
>Rockall Agent Corp.
>Rockall Intermediate Inc.
>Rockall Pine Prairie LLC
>Rockall Exploration Company, LLC
>White Marlin Midstream, LLC
>Arrow Rock Energy, LLC
>White Marlin Investment Company, LLC
>Petro Harvester Operating Company, LLC

**Former Names**
>Petrol Harvester Laurel Holdings, LLC
>Petro Harvester Williston Holdings, LLC
>Petro Harvester Acquisition Company
>Petro Harvester Gulf Coast Holdings, LLC
>Harvester Field Services, LLC
>Petro Harvester Acadian Holdings, LLC
>Petro Harvester EOR Holdings, LLC
>Petro Harvester Agent Corp.
>Petro Harvester Intermediate Inc.
>White Marlin Exploration Company, LLC

## Schedule 1(b)

### Current and Former Officers and Directors

Ben Stamets
Bradleigh Leblanc
David Mirkin
Gareth Roberts
Graeme Miller
James Mooney
Jared Powell
Joe Schimelpfening
John Howie
Lewis Gillies
Lewis Gillies
Michael MacDougall
Pete Lane
Ron Hulme
William Transier

## **Schedule 1(c)**

### **Ordinary Course Professionals**

Barnes & Thornburg, LLP
Bennett Jones
BKD, LLP
Blair & Bondurant, P. A.
Brunini
Burton Oil & Gas Reporting Service, LLC
Christopher T. Wallace, CPA
Coghlan Crowson, LLP
Copeland Cook Taylor & Bush, P.A.
Crowley Fleck PLLP
Degolyer and MacNaughton
Deloitte Tax LLP
Ernst & Young LLP
Hobbs Law Firm PLLC
Jason R. Warran, Attorney at Law
Jones Walker LLP
K E Andrews & Company
Liskow & Lewis
Munsch Hardt Kopf & Harr, P.C.
Ogletree, Deakins, Nash, Smoak, & Stewart, P.C.
Pehler & Associates, LLC
Ryder Scott Company LP
Beacon Land Management, LLC
CH Fenstermaker & Associates, LLC
Diamond Resources Co
Leon E Comeaux & Associates, LLC
Lonetree Energy & Associates
Synergy Land Group, LLC

**<u>Schedule 1(d</u>)**

**Proposed Debtors' Professionals**

Ankura Consulting Group
Vinson & Elkins LLP
Lazard Frères & Co. LLC
Stretto, Inc.
Weil, Gotshal & Manges LLP

**Schedule 1(e)**

**Equityholders**

Adam Shear
Brandon Van Sickle
David Mirkin
Earl K. Allen
Graeme F. Miller
Joseph Schimelpfening
KERA Holdings, LLC
Lewis A. Gillies
Lonnie Ashley
Peter Radovanovic
Texas Pacific Group
White Marlin Energy Partners, LLC
William N. Pederson
Petro Harvester Oil & Gas, LLC

## **Schedule 1(f)**

## **Secured Creditors**

Blue Torch Capital
BP Energy Company
Canon Financial Services, Inc
Goldman Sachs Bank USA
J.Aron & Company
Shell Trading Risk Management, LLC

## Schedule 1(g)

### Regulatory and Governmental Agencies

Alabama Department of Revenue
Arkansas Department of Finance and Administration
Calcasieu Parish Sheriff's Office
Canadian Revenue Agency
Clarke County Tax Collector
Covington County Tax Assessor
Dallas Central Appraisal District
Delaware Secretary of State
East Baton Rouge Sheriff's Office
Evangeline Parish Assessor
Evangeline Parish Sales Tax Commission
Florida Department of Revenue
Florida Department of State
Iberia Parish Sheriff's Office
Internal Revenue Service
Jones County Tax Collector
Louisiana Department of Environmental Quality
Louisiana Secretary of State
Louisiana State Police, Right to Know
Louisiana Department of Revenue

Mississippi Department of Environmental Quality
Mississippi Department of Revenue
Mississippi Secretary of State
Mississippi State Oil & Gas Board
North Dakota Department of Emergency Services
North Dakota Industrial Commission
North Dakota Office of State Tax Commissioner
North Dakota Secretary of State
Perry County Tax Collector
Railroad Commission of Texas
Renville County Treasurer
St Landry Parish
St. Landry Parish Assessor
State of Delaware
State of Louisiana Office of Conservation
Texas Comptroller of Public Accounts
Vermilion Parish Sheriff's Office
Wayne County Tax Collector
Yazoo County Tax Collector

**Schedule 1(h)**

**Largest Customers**

Shell Trading (US) Company
Genesis Crude Oil, LP
Phillips 66 Company
Chevron Corporation
Sunoco Partners Marketing & Terminals L.P.
Delek US
Lion Oil Trading and Transportation
Infinity Hydrocarbons, LLC
Plains Marketing LP
Robertson Midstream Marketing, LLC
Denbury Onshore LLC
Hunt Crude Oil Supply Company LLC
Tinsley Resources, LLC
Calumet Specialty Product Partners, LP
Trafigura Tradng LLC
Eighty Eight Oil
Mercuria Energy Group Ltd
MLTM LP
Hess Corporation
Samson Resource Company
Windridge Operating LLC
Targa Louisiana Field Service LLC

Crosstex Energy
Enlink Midstream
Targa Midstream Services LLC
Helis Oil and Gas Midstream Company
Third Coast Midstream, LLC (fka American Midstream Partners, LP)
Interconn Resources Inc.
Cokinos Energy Corporation
Oneok, Inc
Steel Reef Infrastructure Corporation
Texon LP
Centana Intrastate Pipeline, LLC
Kinder Morgan Tejas Pipeline LLC
Arrowhead Gathering Company, LLC
Copano Field Services/Karnes LP
ConocoPhillips Company
Gulfmark Energy, Inc.
Colonial Oil Industries, Inc.
Martin Crude Marketing Co.
Dorado Oil Co.
Enterprise Crude Oil LLC
Ace Gathering, Inc.

## Schedule 1(i)

### Significant Vendors and Unsecured Creditors

WBI Energy Transmission, Inc.

Steel Reef Burke LLC

Baker Hughes Oilfield Operations

W. C. Schmitz

Halliburton Energy Service Inc

Verde Services, LLC

Robert W Salsman Jr

V. A. Sauls Inc

International Oil & Gas Corp

Steel Reef Pipelines Canada Corp

Basin Service Company

J-W Power Company

Lillian B Harmon

ND&T Services Inc

Prosper Operators, Inc.

Frances W Pick Trust

Archrock Partners Operating LLC

Apergy Esp Systems, LLC

Philip G Cox

John Gardiner Cox

N5 Services LLC

R E Hudson

Tommy Yett

Lee And Lee Services Inc

Steel Reef Pipelines Us Llc

Rigler Family Revocable Trust Dtd11

Rvs Minerals LLC

Stephens Inc.

Kelley Brothers Contractors Inc

The Bullock Family Ltd Partnership

ChampionX Corporation

## Schedule 1(j)

### Utility Providers

| | |
|---|---|
| Chickasawhay Natural Gas | AT&T |
| Enlink Gas Marketing LL | AT&T Mobility LLC |
| Symmetry Energy Solutions Inc | Franklin Telephone Company Inc |
| Texla Energy Management | Granite Telecommunications LLC |
| Lumen Technologies, Inc. (fka CenturyLink) | Let Us Answer |
| Comcast Corporation | Logix Holding Company, LLC |
| Cox Business | Verizon Wireless (aka Verizon Communications Inc.) |
| Hughesnet (aka Hughes Network Systems, LLC) | Acadiana Waste Services, LLC |
| Northwest Communications Co-Op | Ace Waste Systems Inc |
| Burke-Divide Electric Coop | Republic Services, Inc |
| Centerpoint Energy | Waste Management Of Louisiana |
| City Of Laurel Public Utility | East Quitman Water Association Inc |
| Cleco Power LLC | Evangeline Parish Water District No. 1 (aka Evangeline |
| Demco (Dixie Electric Membership Corporation) | Parish Water District 1) |
| Dixie Electric Power Association | Hiwannee Water Association |
| East Mississippi Electric Power | Northeast Perry County Utility Association |
| Entergy Corporation | Parish Water Company Inc |
| Mississippi Power | Southern Louisiana Water |
| North Central Electric Cooperative | The Town of Sandersville |
| Ansercall Inc | Waterworks District #1 |
| Appletree Inc | |

## Schedule 1(k)

### Litigation Counterparties

David Stillings
Mark Stillings
Shane Sligar
Tay Baucum
Deidra Baucum
Pistol Ridge Partners, LLC

## Schedule 1(l)

### Non-Debtor Professionals

Cleary Gottlieb Steen & Hamilton LLP
Houlihan Lokey, Inc.
Norton Rose Fulbright US LLP
Hall Estill, Attorneys at Law
Reed Smith LLP
Bonds Ellis Eppich Schafer Jones LLP

## Schedule 1(m)

### Landlords and Parties to Leases

5005 LBJ TOWER LLC
1415 LOUISIANA INC
Cole of Plano (Legacy) TX, LLC
Camelot Services, Inc
City of Lignite
Northern Diesel & Tire
Kristian Sorum
SRT Oil Field Service LLC

## Schedule 1(n)

### Insurance Providers & Brokers

Berkley Regional Insurance Company
Chubb
Federal Insurance Company
First Insurance Funding
Indian Harbor Insurance Company
JH Blades & Co
Lockton Company, LLC
North Dakota Workforce Safety & Insurance
Riverport Insurance Company
Starr Indemnity & Liability Company

## Schedule 1(o)

**Benefit Providers**

Ameritas Life Insurance Company
Captrust Financial Advisors
First Unum Life Insurance Company
Lockton Companies, Inc.
Norton LifeLock (aka LifeLock)
Principal Financial Group, Inc.
Proliant, Inc.
Standard Insurance Company
United HealthCare Services LLC
WEX Inc. (fka Discovery Benefits)

## **Schedule 1(p)**

### **Banks**

JP Morgan Chase Bank, N.A.

## <u>Schedule 1(q)</u>

### Bankruptcy Judges for the Northern District of Texas

Harlin D. Hale
Robert L. Jones
Stacey G. C. Jernigan
Mark X. Mullin
Edward L. Morris
Michelle V. Larson

## <u>Schedule 1(r)</u>

### United States Trustee's Office for the Northern District of Texas – Region 6

William T. Neary
Lisa L. Lambert
Asher Bublick
Meredyth Kippes
Nancy S. Resnick
Erin Schmidt
Elizabeth Young

2

## Schedule 2

### Disclosure Schedule

Weil currently represents and formerly represented, in matters unrelated to these chapter 11 cases, the following entities connected with the Debtors or parties in interest identified by the Debtors, based upon the list of parties in interest provided to Weil by electronic mail.

| Matched Entity | Relationship to Debtors | Relationship to Weil |
|---|---|---|
| Apergy ESP Systems, LLC | Top 100 Unsecured Creditor<br><br>Critical Vendors | Affiliate or Subsidiary of Current Client in Matters Unrelated to the Debtors' Chapter 11 Cases |
| AT&T<br><br>AT&T Mobility LLC | Utilities | Related to Current Client in Matters Unrelated to the Debtors' Chapter 11 Cases |
| Blue Torch Capital | Secured Creditors | Current Client in Matters Unrelated to the Debtors' Chapter 11 Cases |
| BP Energy Company | Secured Creditors | Related to Current Client in Matters Unrelated to the Debtors' Chapter 11 Cases |
| Canon Financial Services, Inc. | Secured Creditors | Affiliate or Subsidiary of Current Client in Matters Unrelated to the Debtors' Chapter 11 Cases |
| ChampionX Corporation | Official Committee of Unsecured Creditors | Current Client in Matters Unrelated to the Debtors' Chapter 11 Cases |
| Chevron Corporation | Customers | Current Client in Matters Unrelated to the Debtors' Chapter 11 Cases |
| ConocoPhillips Company | Top 100 Unsecured Creditors<br><br>Customers | Affiliate or Subsidiary of Former Client in Matters Unrelated to the Debtors' Chapter 11 Cases<br><br>Related to Current Client in Matters Unrelated to the Debtors' Chapter 11 Cases |
| Deloitte Tax LLP | Ordinary Course Professionals | Affiliate or Subsidiary of Former Client in Matters Unrelated to the Debtors' Chapter 11 Cases |

| | | |
|---|---|---|
| Ernst & Young LLP | Ordinary Course Professionals | Current Client in Matters Unrelated to the Debtors' Chapter 11 Cases |
| ExxonMobil Corporation | Top 100 Unsecured Creditor<br><br>Critical Vendors | Current Client in Matters Unrelated to the Debtors' Chapter 11 Cases<br><br>Related to Current Client in Matters Unrelated to the Debtors' Chapter 11 Cases |
| Goldman Sachs Bank US | Secured Creditors | Affiliate or Subsidiary of Current Client in Matters Unrelated to the Debtors' Chapter 11 Cases<br><br>Related to Current Client in Matters Unrelated to the Debtors' Chapter 11 Cases |
| Hess Corporation | Customers | Related to Current Client in Matters Unrelated to the Debtors' Chapter 11 Cases |
| Integrated Power Services, LLC | Top 100 Unsecured Creditor<br><br>Critical Vendors | Affiliate or Subsidiary of Current Client in Matters Unrelated to the Debtors' Chapter 11 Cases |
| J. Aron & Company | Secured Creditors | Current Client in Matters Unrelated to the Debtors' Chapter 11 Cases |
| JP Morgan Chase Bank, N.A. | Banks | Current Client in Matters Unrelated to the Debtors' Chapter 11 Cases<br><br>Related to Former Client in Matters Unrelated to the Debtors' Chapter 11 Cases |
| Kinder Morgan Tejas Pipeline LLC | Customers | Affiliate or Subsidiary of Current Client in Matters Unrelated to the Debtors' Chapter 11 Cases |
| Lazard Frères & Co. LLC | Debtors Professionals | Affiliate or Subsidiary of Current Client in Matters Unrelated to the Debtors' Chapter 11 Cases<br><br>Former Client in Matters Unrelated to the Debtors' Chapter 11 Cases |

WEIL:\98575870\8\70157.0003

| | | |
|---|---|---|
| Lumen Technologies, Inc. f/k/a CenturyLink | Utilities | Affiliate or Subsidiary of Current Client in Matters Unrelated to the Debtors' Chapter 11 Cases<br><br>Related to Current Client in Matters Unrelated to the Debtors' Chapter 11 Cases |
| P2 Energy Solutions | Top 100 Unsecured Creditor<br><br>Critical Vendors | Related to Current Client in Matters Unrelated to the Debtors' Chapter 11 Cases |
| Phillips 66 Company | Customers | Current Client in Matters Unrelated to the Debtors' Chapter 11 Cases |
| Shell Trading (US) Company | Customers<br><br>Material Contract Counterparties | Related to Current Client in Matters Unrelated to the Debtors' Chapter 11 Cases |
| Shell Trading Risk Management, LLC | Secured Creditors | Related to Current Client in Matters Unrelated to the Debtors' Chapter 11 Cases |
| Stephens Inc. | Top 100 Unsecured Creditor<br><br>Critical Vendors | Affiliate or Subsidiary of Current Client in Matters Unrelated to the Debtors' Chapter 11 Cases |
| Texas Pacific Group a/k/a TPG | Significant Shareholders | Affiliate or Subsidiary of Current Client in Matters Unrelated to the Debtors' Chapter 11 Cases |
| United HealthCare Services LLC | Employee Benefits Providers – Health Benefits | Affiliate or Subsidiary of Former Client in Matters Unrelated to the Debtors' Chapter 11 Cases |
| WEX Inc. | Employee Benefits Providers – COBRA Policy | Current Client in Matters Unrelated to the Debtors' Chapter 11 Cases |

3

## **EXHIBIT C**

**Transier Declaration**

WEIL:\98575870\8\70157.0003

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | **Case No. 22-90000 (MXM)** |
| | § | |
| **ROCKALL ENERGY HOLDINGS, LLC,** | § | **(Chapter 11)** |
| ***et al.***, | § | |
| | § | **(Jointly Administered)** |
| | § | |
| Debtors.[1] | § | |

**DECLARATION OF WILLIAM L. TRANSIER IN
SUPPORT OF APPLICATION FOR ENTRY OF AN
ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT
OF WEIL, GOTSHAL & MANGES LLP AS SPECIAL COUNSEL TO
THE SPECIAL LITIGATION COMMITTEE OF THE BOARD OF DIRECTORS
OF ROCKHALL HOLDINGS, LLC, EFFECTIVE AS OF THE PETITION DATE**

I, William L. Transier, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of

perjury that the following is true and correct to the best of my knowledge, information and belief:

1.     I am the sole member of the Special Litigation Committee of the Board of Rockall

Energy Holdings, LLC.[2]

2.     I submit this declaration (the "***Declaration***") in support of the Application of the

Debtors for authority to employ and retain Weil, Gotshal & Manges LLP ("***Weil***") as counsel for

the Special Litigation Committee, effective as of the Petition Date, under the terms and conditions

set forth in the Application. Except as otherwise indicated herein, the facts set forth in this

Declaration are based upon my personal knowledge, information provided to me by the Debtors'

---

[1]     The Debtors in these chapter 11 cases and the last four digits of their respective federal tax identification numbers are: Arrow Rock Energy, LLC (7549), Petro Harvester Operating Company, LLC (2136), Rockall Agent Corp. (1653), Rockall Energy Holdings, LLC (5784), Rockall Energy, LLC (6340), Rockall EOR, LLC (4136), Rockall Exploration Company, LLC (0547), Rockall Intermediate, Inc. (9759), Rockall LA, LLC (4270), Rockall Laurel, LLC (1178), Rockall Midstream, LLC (0917), Rockall MS, LLC (0740), Rockall ND, LLC (9311), Rockall Pine Prairie, LLC (5799), White Marlin Investment Company, LLC (9987), and White Marlin Midstream, LLC (1466). The location of the Debtors' U.S. corporate headquarters and the Debtors' service address is: 5005 LBJ Freeway, Suite 700, Dallas, TX 75244.

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

advisors, or my opinion based upon knowledge and experience as the Independent Director of the Special Litigation Committee. I am authorized to submit this Declaration on behalf of the Debtors.

3. On February 25, 2022, the Board established the Special Litigation Committee and appointed me as its sole member to (i) investigate and determine whether the Debtors hold any causes of action that are worth pursuing (the "***Investigation***"); and (ii) present to the Board the conclusions of the Investigation and recommendations for consideration (collectively, the "***Mandate***"). In connection with the Investigation, the Board delegated the Special Litigation Committee the power and authority to engage counsel on behalf of the Debtors to assist in the Investigation.

4. Subsequently, the Special Litigation Committee determined that it was necessary to engage attorneys independent from the Debtors' counsel for the Special Litigation Committee to execute faithfully its responsibilities and duties in connection with these chapter 11 cases and, on February 26, 2022, the Special Litigation Committee retained Weil to serve as legal counsel and assist in discharging its Mandate.

### The Special Litigation Committee's Selection of Weil

5. The Special Litigation Committee chose Weil based upon (i) Weil's reputation and experience in the restructuring field, (ii) the Debtors' particular circumstances, and (iii) discussions with Weil's attorneys who were proposed to work on this matter. Since February 2022, Weil has assisted the Special Litigation Committee in, among other things, conducting the Investigation to determine whether the Debtors hold any claims or causes of action that are worth pursuing, preparing any report or other papers necessary or otherwise beneficial to meet the objectives of the Special Litigation Committee in connection with the Investigation, and taking all other actions that the Special Litigation Committee may determine are necessary, advisable, or appropriate to fulfill its duties and responsibilities with respect to the Mandate. As a result of such

2

representation, Weil has the necessary background to address effectively and efficiently the various legal issues that may arise concerning the Investigation in these chapter 11 cases.

6.     Based on the foregoing and my experiences with Weil, I believe Weil is both well-qualified and uniquely situated to represent the Special Litigation Committee in these chapter 11 cases in an efficient and effective manner.

### Weil's Rate Structure

7.     Weil has confirmed to me that Weil does not vary its billing rates or the material terms of an engagement depending on whether such engagement is a bankruptcy or a non-bankruptcy engagement.  Weil has advised me that its current customary U.S. hourly rates are $1,310.00 to $1,950.00 for partners, $1,250.00 to $1,300.00 for counsel, $690.00 to $1,200.00 for associates, and $275.00 to $495.00 for paraprofessionals.  I believe that these rates are consistent with market rates for comparable services and understand that Weil reviews and adjusts its billing rates annually.

8.     I am informed by Weil that its attorneys' billing rates are aligned each year to ensure that its rates are comparable to the billing rates of its peer firms.  To the extent that there is any disparity in such rates, however, I nevertheless believe that Weil's retention by the Debtors is warranted in these chapter 11 cases for the reasons set forth in the Debtors' Application.

### Cost Supervision

9.     I understand that Weil's fees and expenses will be subject to periodic review during the pendency of these chapter 11 cases by, among other parties, the Office of the U.S. Trustee and the Debtors, in accordance with the terms of the Bankruptcy Code, the Bankruptcy Rules, the N.D. Tex. L.B.R., and any orders of the Court governing the procedures for approval of interim compensation of professionals retained in chapter 11 cases.  If necessary, Weil will develop a budget and staffing plan.  Any prospective budget and staffing plan for these chapter 11 cases will

comply with the U.S. Trustee's request for information and additional disclosures, as to which Weil reserves all rights.

10.     The Debtors and the Special Litigation Committee will review Weil's invoices and authorize all legal fees and expenses prior to the payment of such fees to Weil.  In so doing, the Debtors and the Special Litigation Committee will ensure that all requested fees and expenses are reasonable and correspond with necessary or beneficial services rendered on behalf of the Debtors and their estates.  Moreover, Weil has informed me that the Debtors will be provided with the opportunity to review all invoices and request adjustments to such invoices to the extent that the Debtors determine that such adjustments are necessary and appropriate, which requests will be carefully considered by Weil.

Dated: April 29, 2022
Dallas, Texas

/s/ William L. Transier
William L. Transier
Independent Director of the Special Litigation
Committee of the Board of Rockall Energy
Holdings, LLC

WEIL:\98575870\8\70157.0003