Nancy H. Hamren (Texas Bar No. 09549430)
COATS ROSE, P.C.
9 Greenway Plaza, Suite 1000
Houston, Texas 77046
Tel: (713) 653-7362
Fax: (713) 651-0220
nhamren@coatsrose.com
**ATTORNEYS FOR 14 15 LOUISIANA, INC.**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 22-90000 (MXM) |
| | § | (Chapter 11) |
| ROCKALL ENERGY HOLDINGS, LLC, | § | |
| *et al.*, | § | (Jointly Administered) |
| | § | |
| DEBTORS.[1] | § | (Re: Doc No. 142) |

## 1415 Louisiana, Inc.'s Limited Objection and Reservation of Rights to Debtors' Listed Cure Amounts for Potential Assumed Contracts
## (Objection to Doc. 142)

1415 Louisiana, Inc. ("Landlord") files the above-styled Objection (the "Objection") and would show as follows:

1. On March 9, 2022, the Debtors filed the above-captioned bankruptcy cases under Chapter 11 of the United States Bankruptcy Code.

2. On March 23, 2022, the Debtors filed a *Notice to Contract Counterparties and Third-Party Holders of Consent Rights and Preferential Purchase Rights of (I) Potential Assumption and Assignment of Contracts and Leases, and (II) Cure Amounts and Adequate Assurance in Connection therewith* (the "Potential Assumption Notice") (Doc. 142).

---

[1] The Debtors in these chapter 11 cases and the last four digits of their respective federal tax identification numbers are: Arrow Rock Energy, LLC (5939), Petro Harvester Operating Company, LLC (2136), Rockall Agent Corp. (1653), Rockall Energy Holdings, LLC (5784), Rockall Energy, LLC (6340), Rockall EOR, LLC (4136), Rockall Exploration Company, LLC (0547), Rockall Intermediate, Inc. (9759), Rockall LA, LLC (4270), Rockall Laurel, LLC (1178), Rockall Midstream, LLC (0917), Rockall MS, LLC (0740), Rockall ND, LLC (9311), Rockall Pine Prairie, LLC (5799), White Marlin Investment Company, LLC (9987), and White Marlin Midstream, LLC (1466). The location of the Debtors' U.S. corporate headquarters and the Debtors' service address is: 5005 LBJ Freeway, Suite 700, Dallas, TX 75244.

3. The Potential Assumption Notice listed Landlord as a counter-party to a lease with Debtor Rockall Energy, LLC (the "Lease") and indicated that the Debtors may assume and assign the Lease to the purchaser of the Debtors' Assets. The Lease documents consist of the following documents:

| | |
|---|---|
| 12-20-13 | Lease between 1415 Louisiana, Inc., Landlord, and Petro harvester Oil & Gas, LLC, Tenant; and |
| 4-30-19 | First Amendment to Lease between Landlord and Rockall Energy, LLC, successor by merger to Petro Harvester Oil & Gas, LLC; |

4. On February 5, 2020, Rockall Energy, LLC subleased the leased premises to Talco Petroleum LLC. However, Rockall Energy, LLC was never released from its obligations under the Lease. Landlord believes that Debtors are in possession of the Lease documents but in the event they are not, Landlord will provide them upon request.

5. The Potential Assumption Notice indicates, on Exhibit 1 thereto, that the Cure Cost applicable to the Lease is the sum of $4,992.22 and that all post-petition payments under the Lease have been made.

6. Landlord objects to the Cure Cost listed by Debtors to the Lease. As of April 30, 2022, the sum to cure the default under the Lease is the sum of $23,895.91 plus attorney's fees which the Lease allows Landlord to recover under paragraph 30 (C) thereof. Through April 30, 2022, the Landlord's attorney's fees are approximately **$6,475.00**. Thus, as of **April 30, 2022**, the amount necessary to cure the default under the Lease is the sum of **$30,370.91**. Attached hereto as **Exhibit 1** is a true and correct copy of Landlord's "Aging Detail" reflecting the past due amounts as of April 30, 2022. Additional rent also accrued on May 1, 2022 which has not been paid and which must be paid in order to cure the default under the Lease.

7.  Landlord also objects to the statement in the Potential Assumption Notice that all post-petition payments have been made and that there are no defaults under the Lease. Landlord has not received any rents post-petition despite the Bankruptcy Code requiring post-petition payments to be made until a decision on whether to assume or reject the Lease is made by the Debtors.

8.  Landlord reserves the right to assert further objections once it receives notice of the successful bidder for the sale of the Debtors' assets and has the opportunity to evaluate whether the proposed assignee can provide adequate assurance of future performance as to Rockall Energy, LLC's obligations under the Lease and to review whether the proposed use and complies with other terms of the Lease.

9.  Landlord also reserves the right to assert additional amounts, year-end adjustments and reconciliations that may not have become due yet and/or that must still be calculated.

## Conclusion

10.  For the reasons set forth above, Landlord submits the above objections to the Potential Assumption Notice.

## Prayer

WHEREFORE, 1415 Louisiana, Inc. requests that this Honorable Court sustain its Limited Objection as set forth above and for such other and further relief to which Landlord may be justly entitled.

Respectfully submitted,

COATS ROSE, P.C.

By: /s/ Nancy H. Hamren
    Nancy H. Hamren
    Texas Bar No. 09549430
    9 Greenway Plaza, Suite 1000
    Houston, Texas 77046
    Tel.: (713) 653-7362 (Direct)
    Fax: (713) 651-0220
    Email: nhamren@coatsrose.com
ATTORNEYS FOR 1415 LOUISIANA, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on those parties receiving electronic notification via the Court's CM/ECF System on May 2, 2022 and as required under the Potential Assumption Notice.

/s/ Nancy H. Hamren
Nancy H. Hamren