UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| ALTERA INFRASTRUCTURE L.P., *et al.*,[1] | ) Case No. 22-90130 (MI) |
| Debtors. | ) (Jointly Administered) |

**CERTIFICATE OF COUNSEL TO APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF ALIXPARTNERS, LLP AS ITS FINANCIAL ADVISOR EFFECTIVE AS OF AUGUST 29, 2022**

(Related Docket No. 292)

The undersigned hereby certifies as follows:

1. On September 28, 2022, the *Application Of The Official Committee Of Unsecured Creditors For Entry Of An Order Authorizing The Employment And Retention Of AlixPartners, LLP As Its Financial Advisor Effective As Of August 29, 2022* [Docket No. 292] (the "Application") was filed with the Court by the Official Committee of Unsecured Creditors. The deadline to file objections to the relief requested in the Application was October 20, 2022 (the "Objection Deadline").

2. After the filing of the Application, the Office of the United States Trustee provided certain informal comments to the proposed order approving the Application, which informal comments were addressed and resolved through revisions reflected in the attached revised

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.stretto.com/Altera. The location of Debtor Altera Infrastructure L.P.'s principal place of business and the Debtors' service address in these chapter 11 cases is Altera House, Unit 3, Prospect Park, Prospect Road, Arnhall Business Park, Westhill, AB32 6FJ, United Kingdom.

DOCS_NY:46616.1 03002/002

-1-

proposed order attached hereto. A redline reflecting changes to the proposed order is also attached hereto.

3. The undersigned counsel hereby certifies that the revised proposed order attached hereto resolves all known formal and informal comments received, and that no answer, objection, or other responsive pleading to the Application appears on the Court's docket.

Dated: October 20, 2022     Respectfully submitted,

PACHULSKI STANG ZIEHL & JONES, LLP

*/s/ Michael D. Warner*
Michael D. Warner (TX Bar No. 00792304)
Benjamin L. Wallen (TX Bar No. 24102623)
440 Louisiana Street, Suite 900
Houston, TX 77002
Telephone: (713) 691-9385
Facsimile: (713) 691-9407
Email: mwarner@pszjlaw.com
       bwallen@pszjlaw.com

– and –

Richard M. Pachulski (admitted pro hac vice)
Alan J. Kornfeld (admitted pro hac vice)
Malhar S. Pagay (admitted pro hac vice)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email: rpachulski@pszjlaw.com
       akornfeld@pszjlaw.com
       mpagay@pszjlaw.com

*Counsel to the Official Committee of Unsecured Creditors*

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of October, 2022, a true and correct copy of the above and foregoing has been served by electronic transmission to all registered CM/ECF users appearing in these cases.

*/s/ Michael D. Warner*
Michael D. Warner

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| ALTERA INFRASTRUCTURE L.P., *et al.*,[1] | ) Case No. 22-90130 (MI) |
|  | ) |
| Debtors. | ) (Jointly Administered) |
|  | ) |

**ORDER AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS TO EMPLOY AND RETAIN ALIXPARTNERS, LLP
AS ITS FINANCIAL ADVISOR EFFECTIVE AS OF AUGUST 29, 2022**
(Related Docket No. 292)

Upon the application (the "Application") of the Official Committee of Unsecured Creditors (the "Committee")[2] appointed in the Chapter 11 Cases of the above-captioned Debtors and Debtors-in-possession (the "Debtors") for entry of an order (this "Order"), pursuant to sections 328(a) and 1103 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of Texas, Houston Division (the "Local Rules"), authorizing the Committee to employ and retain AlixPartners, LLP ("AlixPartners" or the "Firm") as the Committee's financial advisor, effective as of August 29, 2022; and upon the Declaration of Kathryn B. McGlynn (the "McGlynn Declaration"), which is annexed to the Application; and it appearing that this Court has jurisdiction to consider the

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.stretto.com/Altera. The location of Debtor Altera Infrastructure L.P.'s principal place of business and the Debtors' service address in these chapter 11 cases is Altera House, Unit 3, Prospect Park, Prospect Road, Arnhall Business Park, Westhill, AB32 6FJ, United Kingdom.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

Application pursuant to 28 U.S.C. § 1334; and it appearing that venue of this case and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and due and proper notice of the Application having been provided, and it appearing that no other or further notice need be provided; and it appearing that AlixPartners is "disinterested" and eligible for retention pursuant to sections 101(14) and 328(c) of the Bankruptcy Code, the terms of the engagement pursuant to the Engagement Letter and as modified herein, are reasonable and appropriate and this Court having determined that the relief requested in the Application is in the best interests of the Debtors, their estates, their creditors and other parties-in-interest; and after due deliberation, and sufficient cause appearing therefor, it is hereby ORDERED that:

1. In accordance with sections 328(a) and 1103 of the Bankruptcy Code, the Committee is authorized to employ and retain AlixPartners as its financial advisor in connection with these Chapter 11 Cases effective as of August 29, 2022, under the terms and for the purposes set forth and as requested in the Application, the McGlynn Declaration and the Engagement Letter, as modified herein.

2. The terms of the Engagement Letter, including without limitation the compensation provisions, are reasonable terms and conditions of employment and are hereby approved as set forth herein.

3. AlixPartners is authorized to perform the services enumerated in the Application, the McGlynn Declaration and the Engagement Letter.  The terms of the Engagement Letter are approved, and the Committee shall be bound by such terms.  AlixPartners shall be compensated for the services identified in the Application, the McGlynn Declaration and the Engagement Letter and reimbursed for out-of-pocket expenses incurred in connection with such services, pursuant to

section 328(a) of the Bankruptcy Code. For billing purposes, AlixPartners shall keep its time in one tenth (1/10) hour increments and records shall be arranged by category and nature of the services rendered and shall include reasonably detailed descriptions of those services provided on behalf of the Committee.

4. AlixPartners' fees for services will be based on AlixPartners' standard hourly rates, plus reasonable and necessary expenses, as set forth in the Application, the McGlynn Declaration and the Engagement Letter. AlixPartners shall be compensated in accordance with and will file reports of compensation earned and expenses incurred on a monthly basis (the "Monthly Statements"), as well as interim and final fee applications for allowance of its compensation and expenses in accordance with any order of the Court establishing procedures for interim compensation of estate professionals, and shall be subject to sections 330 and 331 of the Bankruptcy Code, the applicable Bankruptcy Rules, and the applicable Local Rules.

5. None of the fees payable to AlixPartners shall constitute a bonus, success fee, or fee enhancement under applicable law.

6. Ten (10) business-days' notice shall be provided by AlixPartners to the Committee, the Debtors, and the U.S. Trustee prior to any increases in the rates set forth in the Application, and such notice must be filed with the Court. Except with respect to the rates set forth in the Application and the McGlynn Declaration, the U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in Bankruptcy Code section 330, and the Court retains the right to review any rate increase pursuant to Bankruptcy Code section 330.

.

7. Notwithstanding anything to the contrary in the Engagement Letter, the Application or the McGlynn Declaration, the Debtors are authorized to indemnify and hold harmless AlixPartners and its affiliates, their respective directors, officers, agents, employees and controlling persons, and each of their respective successors and assigns (collectively, the "<u>Indemnified Persons</u>"), subject to the following conditions:

   a. Subject to the provisions of subparagraphs (b) and (c) below, the Debtors are authorized to indemnify, and shall indemnify AlixPartners for any claims rising from, related to or in connection with the services to be provided by AlixPartners as specified in the Engagement Letter, but not for any claims arising from, related to or in connection with AlixPartners' post-petition performance of any other services other than those in connection with the engagement, unless such post-petition services and indemnification therefore are approved by this Court; and

   b. The Debtors shall have no obligation to indemnify AlixPartners, or provide contribution or reimbursement to AlixPartners, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from AlixPartners's gross negligence, willful misconduct, breach of fiduciary duty (if any), self-dealing, fraud, or bad faith; (ii) for a contractual dispute in which the Committee or the Debtors allege the breach of AlixPartners's contractual obligations unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing, to be a claim or expense for which AlixPartners should not receive indemnity, contribution or reimbursement under the terms of the AlixPartners Engagement Letter as modified by this Order; and

   c. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), or (ii) the entry of an order closing these Chapter 11 Cases, AlixPartners believes that it is entitled to the payment of any amounts by the Debtors on account of the indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including without limitation the advancement of defense costs, AlixPartners must file an application therefore in this Court, and the Debtors may

> not pay any such amounts to AlixPartners before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by AlixPartners for indemnification, contribution, or reimbursement, and not to limit the duration of the Debtors' obligation to indemnify AlixPartners. All parties in interest shall retain the right to object to any application by AlixPartners for indemnification, contribution, or reimbursement.

8. Notwithstanding anything to the contrary in the Engagement Letter, AlixPartners' liability, including but not limited to lost profits, consequential, indirect, punitive, exemplary or special damages, arising in tort, contract or otherwise, shall not be limited in the case of AlixPartners' own willful misconduct, gross negligence, breach of fiduciary duty, self-dealing, fraud and/or bad faith.

9. AlixPartners will review its files periodically during the pendency of these Chapter 11 Cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, AlixPartners will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

10. Notwithstanding anything to the contrary in the Application, the McGlynn Declaration, or the Engagement Letter, to the extent that AlixPartners uses the services of independent or third-party contractors or subcontractors (the "Contractors") in these Chapter 11 Cases and AlixPartners seeks to pass through the fees and/or costs of the Contractors, AlixPartners shall (i) pass through the fees of such Contractors at the same rate that AlixPartners pays the Contractors and (ii) seek reimbursement for actual costs of the Contractors only. In addition, AlixPartners shall ensure that the Contractors perform the conflicts checks and file such disclosures as required by the Bankruptcy Code and Bankruptcy Rules.

11. The liability cap outlined by Section 10 of the General Terms and Conditions in the Engagement Letter is hereby eliminated for the duration of these Chapter 11 Cases.

12. To the extent there is an inconsistency between this Order, the Engagement Letter and the Application, the terms of this Order shall govern.

13. AlixPartners shall use reasonable efforts to avoid any duplication of services provided by any of the other retained professionals in these Chapter 11 Cases.

14. Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

15. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

16. The Committee and AlixPartners are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

17. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2022

_____
MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| In re: | ) |
|  | ) Chapter 11 |
| ALTERA INFRASTRUCTURE L.P., *et al.*,[1] | ) |
|  | ) Case No. 22-90130 (MI) |
| Debtors. | ) |
|  | ) (Jointly Administered) |
|  | ) |

**ORDER AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS TO EMPLOY AND RETAIN ALIXPARTNERS, LLP
AS ITS FINANCIAL ADVISOR EFFECTIVE AS OF AUGUST 29, 2022**
(Related Docket No. _____)

Upon the application (the "Application") of the Official Committee of Unsecured Creditors (the "Committee")[2] appointed in the Chapter 11 Cases of the above-captioned Debtors and Debtors-in-possession (the "Debtors") for entry of an order (this "Order"), pursuant to sections 328(a) and 1103 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of Texas, Houston Division (the "Local Rules"), authorizing the Committee to employ and retain AlixPartners, LLP ("AlixPartners" or the "Firm") as the Committee's financial advisor, effective as of August 29, 2022; and upon the Declaration of Kathryn B. McGlynn (the "McGlynn Declaration"), which is annexed to the Application; and it appearing that this Court has jurisdiction to consider the

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.stretto.com/Altera. The location of Debtor Altera Infrastructure L.P.'s principal place of business and the Debtors' service address in these chapter 11 cases is Altera House, Unit 3, Prospect Park, Prospect Road, Arnhall Business Park, Westhill, AB32 6FJ, United Kingdom.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

Application pursuant to 28 U.S.C. § 1334; and it appearing that venue of this case and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and due and proper notice of the Application having been provided, and it appearing that no other or further notice need be provided; and it appearing that AlixPartners is "disinterested" and eligible for retention pursuant to sections 101(14) and 328(c) of the Bankruptcy Code, the terms of the engagement pursuant to the Engagement Letter and as modified herein, are reasonable and appropriate and this Court having determined that the relief requested in the Application is in the best interests of the Debtors, their estates, their creditors and other parties-in-interest; and after due deliberation, and sufficient cause appearing therefor, it is hereby ORDERED that:

1. In accordance with sections 328(a) and 1103 of the Bankruptcy Code, the Committee is authorized to employ and retain AlixPartners as its financial advisor in connection with these Chapter 11 Cases effective as of August 29, 2022, under the terms and for the purposes set forth and as requested in the Application, the McGlynn Declaration and the Engagement Letter, as modified herein.

2. The terms of the Engagement Letter, including without limitation the compensation provisions, are reasonable terms and conditions of employment and are hereby approved as set forth herein.

3. AlixPartners is authorized to perform the services enumerated in the Application, the McGlynn Declaration and the Engagement Letter. The terms of the Engagement Letter are approved, and the Committee shall be bound by such terms. AlixPartners shall be compensated for the services identified in the Application, the McGlynn Declaration and the Engagement Letter and reimbursed for out-of-pocket expenses incurred in connection with such services, pursuant to

section 328(a) of the Bankruptcy Code.  For billing purposes, AlixPartners shall keep its time in one tenth (1/10) hour increments and records shall be arranged by category and nature of the services rendered and shall include reasonably detailed descriptions of those services provided on behalf of the Committee.

4. AlixPartners' fees for services will be based on AlixPartners' standard hourly rates, plus reasonable and necessary expenses, as set forth in the Application, the McGlynn Declaration and the Engagement Letter.  AlixPartners shall be compensated in accordance with and will file reports of compensation earned and expenses incurred on a monthly basis (the "Monthly Statements"), as well as interim and final fee applications for allowance of its compensation and expenses in accordance with any order of the Court establishing procedures for interim compensation of estate professionals, and shall be subject to sections 330 and 331 of the Bankruptcy Code, the applicable Bankruptcy Rules, and the applicable Local Rules, and the local guidelines.

4.5. None of the fees payable to AlixPartners shall constitute a bonus, success fee, or fee enhancement under applicable law.

6. AlixPartners shall provide Ten (10) business-days' notice shall be provided by AlixPartners notice to the Committee, the Debtors, and the U.S. Trustee before prior to any increases in the rates set forth in the Application, and such notice must be filed with the Court. are implemented and shall file such notice with the Court. Except with respect to the rates set forth in the Application and the McGlynn Declaration, the U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in Bankruptcy Code section 330, and the Court retains the right to review any rate increase pursuant to Bankruptcy Code section 330.

~~The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code~~.

~~5.~~7.     Notwithstanding anything to the contrary in the Engagement Letter, the Application or the McGlynn Declaration, the Debtors are authorized to indemnify and hold harmless AlixPartners and its affiliates, their respective directors, officers, agents, employees and controlling persons, and each of their respective successors and assigns (collectively, the "Indemnified Persons"), subject to the following conditions:

   a. Subject to the provisions of subparagraphs (b) and (c) below, the Debtors are authorized to indemnify, and shall indemnify AlixPartners for any claims rising from, related to or in connection with the services to be provided by AlixPartners as specified in the Engagement Letter, but not for any claims arising from, related to or in connection with AlixPartners' post-petition performance of any other services other than those in connection with the engagement, unless such post-petition services and indemnification therefore are approved by this Court; and

   b. The Debtors shall have no obligation to indemnify AlixPartners, or provide contribution or reimbursement to AlixPartners, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from AlixPartners's gross negligence, willful misconduct, breach of fiduciary duty (if any), self-dealing, fraud, or bad faith; (ii) for a contractual dispute in which the Committee or the Debtors allege the breach of AlixPartners's contractual obligations unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing, to be a claim or expense for which AlixPartners should not receive indemnity, contribution or reimbursement under the terms of the AlixPartners Engagement Letter as modified by this Order; and

   c. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), or (ii) the entry of an order closing these

    Chapter 11 Cases, AlixPartners believes that it is entitled to the payment of any amounts by the Debtors on account of the indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including without limitation the advancement of defense costs, AlixPartners must file an application therefore in this Court, and the Debtors may not pay any such amounts to AlixPartners before the entry of an order by this Court approving the payment.  This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by AlixPartners for indemnification, contribution, or reimbursement, and not to limit the duration of the Debtors' obligation to indemnify AlixPartners.  All parties in interest shall retain the right to object to any application by AlixPartners for indemnification, contribution, or reimbursement.

  8. Notwithstanding anything to the contrary in the Engagement Letter, AlixPartners' liability, including but not limited to lost profits, consequential, indirect, punitive, exemplary or special damages, arising in tort, contract or otherwise, shall not be limited in the case of AlixPartners' own willful misconduct, gross negligence, breach of fiduciary duty, self-dealing, fraud and/or bad faith.

  9. AlixPartners will review its files periodically during the pendency of these Chapter 11 Cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, AlixPartners will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

  6.10. Notwithstanding anything to the contrary in the Application, the McGlynn Declaration, or the Engagement Letter, to the extent that AlixPartners uses the services of independent or third-party contractors or subcontractors (the "Contractors") in these Chapter 11 Cases and AlixPartners seeks to pass through the fees and/or costs of the Contractors, AlixPartners shall (i) pass through the fees of such Contractors at the same rate that AlixPartners pays the Contractors and (ii) seek reimbursement for actual costs of the Contractors only. In addition,

AlixPartners shall ensure that the Contractors perform the conflicts checks and file such disclosures as required by the Bankruptcy Code and Bankruptcy Rules.

7.11.   The liability cap outlined by Section 10 of the General Terms and Conditions in the Engagement Letter is hereby eliminated for the duration of these Chapter 11 Cases.

8.12.   To the extent there is an inconsistency between this Order, the Engagement Letter and the Application, the terms of this Order shall govern.

9.13.   AlixPartners shall use reasonable efforts to avoid any duplication of services provided by any of the other retained professionals in these Chapter 11 Cases.

10.14.  Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

11.15.  Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

12.16.  The Committee and AlixPartners are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

13.17.  This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2022

                                                                _____
                                                                 MARVIN ISGUR
                                                                 UNITED STATES BANKRUPTCY JUDGE