| | |
|---|---|
| Leann Opotowsky Moses (TX Bar No. 15291750) | Michael D. Warner (TX Bar No. 00792304) |
| Brandon T. Darden (TX Bar No. 24075614) | Ayala A. Hassell (TX Bar No. 01009800) |
| CARVER, DARDEN, KORETZKY, TESSIER, | PACHULSKI STANG ZIEHL & JONES LLP |
| FINN, BLOSSMAN & AREAUX L. L. C. | 440 Louisiana Street, Suite 900 |
| 1100 Poydras Street, Suite 3100 | Houston, TX  77002 |
| New Orleans, Louisiana  70163 | Telephone: (713) 691-9385 |
| Telephone: (504) 585-3800 | Facsimile: (713) 691-9407 |
| Telecopier: (504) 585-3801 | Email: mwarner@pszjlaw.com |
| Email: moses@carverdarden.com | Email: ahassell@pszjlaw.com |
| Email: bdarden@carverdarden.com | |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **In re:** | § | Case No. 22-90000 (MXM) |
| | § | |
| **ROCKALL ENERGY HOLDINGS, LLC,** | § | **Chapter 11** |
| *et al.*, | § | |
| | § | **Jointly Administered** |
| Debtors. [1] | § | |

**STIPULATION AND AGREED ORDER BETWEEN CROWELL LAND AND MINERAL CORPORATION AND THE GUC TRUSTEE**
**[Related to Docket Nos. 738, 742 and 776 and**
**Claim Nos. 423, 428, 434, 438, 574, 575, 576 and 577]**

**TO THE HONORABLE MARK X. MULLIN, UNITED STATES BANKRUPTCY JUDGE:**

Crowell Land and Mineral Corporation ("CLM") and Riveron Management Services, LLC, solely in its capacity as the GUC Trustee ("GUC Trustee")[2] of the GUC Trust (the "GUC Trust")

---

[1] The Debtors (the "Debtors") in these chapter 11 cases and the last four digits of their respective federal tax identification numbers are: Arrow Rock Energy, LLC (5939), Petro Harvester Operating Company, LLC (2136), Rockall Agent Corp. (1653), Rockall Energy Holdings, LLC (5784), Rockall Energy, LLC (6340), Rockall EOR, LLC (4136), Rockall Exploration Company, LLC (0547), Rockall Intermediate, Inc. (9759), Rockall LA, LLC (4270), Rockall Laurel, LLC (1178), Rockall Midstream, LLC (0917), Rockall MS, LLC (0740), Rockall ND, LLC (9311), Rockall Pine Prairie, LLC (5799), White Marlin Investment Company, LLC (9987), and White Marlin Midstream, LLC (1466). The location of the Debtors' U.S. corporate headquarters and the Debtors' service address is: 5005 LBJ Freeway, Suite 700, Dallas, TX 75244 (collectively, the "Bankruptcy Cases").

[2] For clarity, the Debtors and the Reorganized Debtors (as defined in the Plan, as such term is defined below) are not parties to this Stipulation and Order.

established pursuant to the confirmed *Debtor's Amended Joint Chapter 11 Plan* (Doc. No. 548) (the "Plan")[3], enter into this stipulation and agreed order ("Stipulation and Order") regarding the *GUC Trustee's Fourth Omnibus Objection to Claims (Modified, Duplicate and Cross-Debtor Duplicate Claims)* (Doc. No. 738) (the "Fourth Omnibus Objection"), *GUC Trustee's Fifth Omnibus Objection to Claims (No Liability Claims and Amended Claims)* (Doc. No. 742) (the "Fifth Omnibus Objection"), and *GUC Trustee's Sixth Omnibus Objection to Claims (Reclassified, Modified, No Liability, Satisfied, and Late Filed Claims)* (Doc. No. 776) (the "Sixth Omnibus Objection" and, together with the Fourth Omnibus Objection and the Fifth Omnibus Objection, collectively, the "Claims Objections"), as follows:

1. On March 9, 2022, each of the above-captioned Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Texas (the "Bankruptcy Court").

2. On March 14, 2022, among other things, the Bankruptcy Court entered its *Order (A) Authorizing the Retention and Appointment of Stretto as Claims and Noticing Agent and (B) Granting Related Relief* (Doc. No. 84). Stretto, Inc. currently serves as the Debtors' claims and noticing agent (the "Claims Agent").

3. On May 25, 2022, the Debtors filed their *Debtors' Amended Joint Chapter 11 Plan* (Doc. No. 548) (the "Plan").

4. On June 2, 2022, the Bankruptcy Court entered its *Findings of Facts, Conclusions of Law, and Order (I) Approving (A) The Disclosure Statement and (B) The Disclosure Statement Supplement; (II) Confirming the Debtors' Amended Joint Chapter 11 Plan; and (III) Authorizing*

---

[3] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Plan.

2

*the Sale of the Debtors' Assets* (Doc. No. 600) (the "Confirmation Order") confirming, as modified therein, the Plan.

5. As part of the Confirmation Order, and attached as Exhibit B thereto, the Court also entered its *Sale Approval Supplement to Proposed Findings of Fact, Conclusions of Law, and Order (I) Approving (A) the Disclosure Statement, and (B) the Disclosure Statement Supplement, and (II) Confirming the Debtors' Amended Joint Chapter 11 Plan* (the "Sale Approval Order").

6. CLM filed its original proofs of claim on May 6, 2022 in the Debtors' Bankruptcy Cases as follows:

- Proof of Claim No. 423, *Rockall Energy Holdings, LLC*, Case No. 22-90000;
- Proof of Claim No. 428, *Petro Harvester Operating Company, LLC*, Case No. 22-90002;
- Proof of Claim No. 434, *Rockall Pine Prairie, LLC*, Case No. 22-900013; and
- Proof of Claim No. 438, *Rockall LA, LLC*, Case No. 22-90008;

collectively, the "Original CLM Claims". CLM filed its amended proofs of claim on May 31, 2022 in the Debtors' Bankruptcy Cases as follows:

- Proof of Claim No. 574, *Petro Harvester Operating Company, LLC*, Case No. 22-90002;
- Proof of Claim No. 575, *Rockall Energy Holdings, LLC*, Case No. 22-90000;
- Proof of Claim No. 576, *Rockall Pine Prairie, LLC*, Case No. 22-90013; and
- Proof of Claim No. 577, *Rockall LA, LLC*, Case No. 22-90008;

collectively, the "Amended CLM Claims". All claims listed above, the Original CLM Claims and the Amended CLM Claims, are collectively referred to as the "CLM Claims".

7.  The GUC Trustee filed the Fourth Omnibus Objection on August 17, 2022, identifying CLM Claim Nos. 574, 576, and 577, and seeking disallowance of these claims as duplicates of CLM Claim No. 575.

8.  The GUC Trustee also filed the Fifth Omnibus Objection on August 17, 2022, identifying the Original CLM Claims (Nos. 423, 428, 434, and 438), seeking disallowance of these claims as amended by the Amended CLM Claims (Nos. 575, 574, 576, and 577), respectively.

9.  The GUC Trustee filed the Sixth Omnibus Objection on September 2, 2022, identifying Claim CLM No. 575, and seeking disallowance of this claim based on its belief that all of the Debtors' leases and any executory contracts with CLM were assumed and assigned under the terms of the Plan and that this claim has been satisfied and deemed disallowed and expunged pursuant to the Plan.

10. Paragraph 49 of the Sale Approval Order states:

    Crowell Land and Mineral Corporation. Notwithstanding anything to the contrary in the PSA, this Sale Approval Order, or the Confirmation Order, the Purchaser is assuming, and shall assume, any and all obligations and liabilities under each mineral lease and contract with Crowell Land and Mineral Corporation ("CLM") associated with each mineral lease, contract, and well described in Exhibits A-1, A-2, and A-3 of the CLM Proofs of Claims[4] (collectively, the "CLM Agreements"), which leases, contracts, and wells shall constitute "Assets" under the PSA, whether or not set forth on the exhibits to the PSA.

### STIPULATION AND AGREED ORDER

To resolve the Fourth Omnibus Objection, Fifth Omnibus Objection, and Sixth Omnibus Objection, CLM and the GUC Trustee agree to the following Stipulation and Order.

---

[4] Footnote 9 of the Sale Approval Order provides: "'CLM Proofs of Claim' shall mean any proof of claim filed by CLM in the Debtors' chapter 11 cases, including proofs of claims against (i) Rockall Energy Holdings, LLC (Claim No. 575); (ii) Petro Harvester Operating Company, LLC (Claim No. 574); (iii) Rockall LA, LLC (Claim No. 577); and (iv) Rockall Pine Prairie, LLC (Claim No. 576)."

11.    CLM hereby withdraws the CLM Claims and the Claims Agent and Clerk of Court, as applicable, are hereby authorized and directed to remove the CLM Claims from the Official Claims Register.

12.    Due to the withdrawal of the CLM Claims in the preceding paragraph, the GUC Trustee hereby withdraws its objections to the CLM Claims in the Fourth Omnibus Objection, Fifth Omnibus Objection, and Sixth Omnibus Objection, solely with respect to the CLM Claims.

## RESERVATION OF RIGHTS

13.    Nothing in this Stipulation and Order shall impair, alter, modify, or affect CLM's rights or claims as a result of the transfer and assignment of the CLM Agreements and Assets under the terms of the Plan with respect to any third party. This Stipulation and Order is solely for purposes of withdrawing the Original CLM Claims (Nos. 423, 428, 434, and 438) and the Amended CLM Claims (Nos. 574, 575, 576, and 577) against the GUC Trust and the GUC Trust Assets, and may not be used for any other purpose.

14.    This Stipulation and Order constitutes the entire agreement between the parties in respect of the subject matter hereof and shall not be modified, altered, amended, or vacated without the prior written consent of all parties hereto. No statement made or action taken in the negotiation of this Stipulation and Order may be used by any party for any purpose whatsoever. The parties each have had the benefit of the advice of their own counsel in negotiating, drafting, and executing this Stipulation and Order. Neither this Stipulation and Order nor any provision shall be deemed to have been prepared or drafted by any party or construed against any party on the ground that such party drafted the Stipulation and Order or any provision thereof. Further, each party expressly disclaims any reliance on any statements or representations not expressly made in this Stipulation and Order in deciding whether to enter this Stipulation and Order and warrants that such party will

not assert that it was fraudulently induced into entering this Stipulation and Order by any party or non-party.

15. The Court shall retain exclusive jurisdiction to hear any matters or disputes arising from or relating to this Stipulation and Order. Any request for relief brought before the Court to resolve a dispute arising from or related to this Stipulation and Order, and the matters agreed to herein, shall be brought on proper notice and in accordance with the relevant Federal Rules of Bankruptcy Procedure and applicable Bankruptcy Local Rules.

16. Each individual signing this Stipulation and Order on behalf of any party acknowledges and, with respect to his/her own signature below, warrants and represents, that he/she is authorized to execute this Stipulation and Order in the representative capacity (if any) indicated below and on behalf of the party there indicated.

**AGREED TO AND SUBMITTED BY:**

Dated: October 20, 2022

        **CARVER, DARDEN, KORETZKY, TESSIER, FINN, BLOSSMAN & AREAUX, L.L.C.**

        By: */s/ Leann O. Moses*
        Leann Opotowsky Moses (TX Bar No. 15291750)
        Brandon T. Darden (TX Bar No. 24075614)
        1100 Poydras Street, Suite 3100
        New Orleans, Louisiana 70163
        Telephone: (504) 585-3800
        Telecopier: (504) 585-3801
        Email: moses@carverdarden.com
        Email: bdarden@carverdarden.com

        Attorneys for CROWELL LAND AND MINERAL CORPORATION

**PACHULSKI STANG ZIEHL & JONES LLP**

By: */s/ Ayala A. Hassell*
Michael D. Warner (TX Bar No. 00792304)
Ayala A. Hassell (TX Bar No. 01009800)
440 Louisiana Street, Suite 900
Houston, TX 77002
Telephone: (713) 691-9385
Facsimile: (713) 691-9407
Email: mwarner@pszjlaw.com
Email: ahassell@pszjlaw.com

Attorneys for the GUC Trustee of the GUC Trust

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served on those parties registered to receive electronic notification via the Court's CM/ECF Noticing System on October 20, 2022.

*/s/ Ayala A. Hassell*
Ayala A. Hassell